## MARTIN *a.* KANOUSE.

*Supreme Court, First District; General Term, December,* 1855.

COMPLAINT—MOTION TO MAKE MORE DEFINITE.

Of the definiteness necessary in a complaint seeking to set off a judgment held by
plaintiff as assignee, against one recorded by defendant against the plaintiff.

The consideration upon which the judgment held by plaintiff was assigned to him,
need not be stated.

The true rule in respect to striking out irrelevant allegations in a pleading is, that
if the matter cannot be made the subject of a material issue or affect the question
of an injunction or costs or other relief to be granted, and will embarrass the op-
posite party and the court, it should be stricken out.

Motion to make complaint more definite and certain.

This action was originally commenced by Martin against
Kanouse alone.   The nature of the action, and the course of the
earlier proceedings in it, are stated *Ante,* 327.   After a demur-
rer and answer on the part of Kanouse had been put in, and
judgment had been ordered for the plaintiff upon them for
frivolousness, Andrew S. Garr applied to the court to be made
a defendant to the action, and an order to that effect was
granted.

Garr now moved on the complaint as amended by the inser-
tion of his name as a defendant, to make certain allegations of
the complaint more definite and certain, so as to show at what
time and upon what consideration the judgment held by Martin
against Kanouse was assigned to him by Couthout and Bleecker,
the original plaintiffs ;—and further, to strike out of the com-
plaint, as irrelevant, certain allegations introduced for the pur-
pose of sustaining the prayer for an injunction, but which did
not bear upon the right of plaintiff to the set off sought as the
leading object of the action.

The motion was ordered to be heard in the first instance at
general term.

MITCHELL, J.—Garr moves that the complaint be made more
definite and certain.   The first matter is, that the plaintiff set-

Martin *a.* Kanouse.

ting up an assignment to him of a judgment against Kanouse, should state the time and consideration of the assignment. The time is sufficiently stated in saying that the judgment recovered by Kanouse against the plaintiff was recovered *after the assignment* to the plaintiff. All that can be material is, which was first in time, and even that may be unimportant.

It is immaterial to the defendant what the consideration for the assignment was, whether for the whole face of the judgment or for $1. The allegation that Couthout assigned, sold, transferred, and set over to the plaintiff the said judgment is an allegation of an absolute assignment. If the assignment were conditional the defendant can so allege.

Garr moves also that six different parts of the complaint be struck out as irrelevant, and he quotes as the rule in such cases, the language of Judge Harris (Rensselaer and Washington Plank Road Company *v.* Wetzel, 6 *How. Pr. R.*, 68) that "if the matter cannot be made the subject of a material issue it has no business in the pleading, and ought not to be left there to embarrass the opposite party and the Court." A slight change in this phraseology would make it conform better to our opinion of what is expedient,—" if the matter cannot be made the subject of a material issue, or affect the question of an injunction, or costs, or other relief to be granted, and will embarrass the opposite party and the Court, it has no business in the pleadings and ought not to be left there." Practically we find that the circuit is the best place for deciding what is material to the case, and what proof may be properly admissible. If an allegation in a pleading will in no event do any harm to the opposite party, the time of the Court should not be occupied in motions to strike it out. One of the most vexatious and unprofitable parts of the old system of chancery practice was that relating to striking out irrelevant matter, and it would add excessively to the labor of the Courts, without benefit to parties, unnecessarily to extend that practice.

The plaintiff seeks to set-off a judgment assigned to him against a judgment held by the defendant Kanouse against him, which last judgment was for costs which Garr claims belong to him. The plaintiff states that a writ of error was prosecuted by Kanouse through Wallis as his attorney, against

the plaintiff to reverse a judgment obtained by this plaintiff against Kanouse for professional services; and that that judgment was reversed with costs, and the judgment held by Kanouse as partly for those costs, and that the suit in the Common Pleas was for professional services rendered by the plaintiff, and which are still unpaid. The complaint alleges that the defendant is insolvent, and for this reason, among others, seeks an injunction to prevent the defendant from collecting the amount of his judgment until the right of the plaintiff to set-off one judgment against the other be passed upon. In this view the statement of the indebtedness and inability of the defendant to pay those costs is not irrelevant; at all events, it does the defendant no harm.

The defendant moves to strike out the words "other demands,"—"and other demands,"—"and demands," in three places, occurring when the plaintiff alleges that by reason of the defendant's insolvency the plaintiff is unable to obtain payment of the judgment and *other demands*,—and in similar passages. It is enough to say that these words cannot embarrass either the defendant or the Court. In two other places the plaintiff says also that the defendant is unable to pay said judgment, "or any other which the plaintiff may recover against him in said suit in the Common Pleas." The same answer may be made to these allegations.

The motion of the defendant is denied but without costs, as some at least of the matters are of as little use to the plaintiff as of harm to the defendant.