### Brown, administratrix &c. *vs.* Harmon and others.

Since the code, it is not necessary, in an action founded upon a statute, that the complaint should contain any direct allusion to the statute.

It is only necessary to state, in the complaint, a time subsequent to the adoption of the statutory provision.

It is still the rule, however, that the complaint must state all the facts which are requisite to bring the case within the statute.

A merely inferential charge of misconduct or negligence, in the defendants, is not sufficient, in an action which is not founded upon, and did not exist at, common law, but is based wholly upon a statute.

In such cases there must, in order to sustain the action, be a positive allegation not only of the acts, but of the qualifications, if any, prescribed by the statute.

Thus where, in an action under the act of December 13, 1847, to recover damages of the defendants for causing the death of the plaintiff's intestate by their wrongful act, neglect or default, the complaint charged that on &c. the defendants possessed and occupied, as a granary for storing grain for the use of their brewery, the loft of a building which had been negligently, carelessly and improperly constructed, and was by reason thereof unfit, from weakness, for the business to which the defendants applied it, *of which they had notice;* that they had deposited an unusual quantity of barley, in the loft, more than the outer wall could bear, in consequence of its weak and insecure state and improper construction, whereby the wall was pressed out, and fell upon an adjoining shop belonging to, and used by H. & Co. in which the deceased was then at work, and that he was killed by the fall of said wall, " *owing* to the *carelessness, negligence* and *fault* of the defendants in using said building in its weak and insecure state, and in overloading the same;" *Held* that the complaint was defective; the only improper act, negligence or default directly averred being, in the construction of the building, without any allegation that the defendants then owned the building.

But it was *further held* that this was a defect which was cured by verdict.

The common law rule, relative to the effect of a verdict in curing defects, imperfections or omissions in pleadings, has not, *it seems* been abolished by the code.

APPEAL by the defendants, from a judgment entered at a special term, after a trial at the circuit. The action was brought by the plaintiff as administratrix of Enoch S. Brown, deceased, to recover damages of the defendants for causing the death of her intestate by their wrongful act, neglect, or default. The deceased was killed by the falling of the wall of a building in Broome street in the city of New York, occupied by the de-

fendants, but belonging to others, upon a blacksmith shop adjoining, in which he was at work. The defendants carried on the business of brewing, and the loft of the building which fell was occupied by them as a granary for storing grain, large quantities of which had been deposited there on the morning previous to the accident. Upon the trial and after the counsel for the plaintiff had concluded his opening, the counsel for the defendants moved the court to dismiss the complaint, on the following grounds : 1. That the plaintiff had sued as administratrix, and seeks, by the complaint, to recover as such at common law. 2. That she cannot recover at common law. If entitled to recover, it is only under the act entitled " an act requiring compensation for causing death by wrongful act, neglect or default, and the act amending the same." (*Laws of* 1847, *p.* 575. *Laws of* 1849, *p.* 388, *amendatory to above act.*) 3. That the complainant makes no allusion to her right to recover under the statute. In order to give her the right to recover, it ought to have concluded " that as such administratrix she claims to have sustained damage according to the form (or by virtue) of the act of the legislature of the state of New York, entitled ' an act requiring compensation for causing death by wrongful act, neglect or default,' and the act amending the same, to the sum of $5000, for which she prays judgment against the defendants," or to have concluded the complaint not at common law, but in language referring to the above mentioned acts of the legislature, and show that under and by virtue of these acts she is entitled to recover. 4. Having omitted to do so, is fatal to her right to recover in this action under the complaint. The judge denied the motion, and the defendants excepted. At the conclusion of the testimony, the counsel for the defendants renewed the motion for a dismissal of the complaint on the several grounds above mentioned. This motion was also denied, and the defendants excepted. The jury found a verdict in favor of the plaintiff, for $4000.

*E. D. Culver* and *J. M. Van Cott,* for the plaintiff.

*J. W. C. Leveridge* and *T. J. McKissock,* for the defendants.

*By the Court,* S. B. Strong, J.   It has always been cus-
tomary, and was formerly deemed necessary, in an action found-
ed upon a statute, to invoke it specially, in the declaration.   It
is well settled, however, that the courts are bound to take notice
of public statutes without their being specified in the pleading;
and that it is only necessary to state facts which bring the case
within the act.   (1 *Chit. on Pl.* 218, *and the cases referred to
in note q.*)   The citation formerly required was therefore rather
a matter of form than of substance.   The code abolishes the
pre-existing forms of pleading, (§ 140,) and so far as relates to
the complaint requires only a plain and concise statement of the
facts constituting a cause of action.   The existence of a legal
principle, whether of common law or founded upon a statute,
cannot be deemed one of the essential facts which it is necessary
to state.   It was formerly held, too, that in an action founded
upon a recent statute it was necessary to aver that the cause
arose after the passage of the act.   It seems to me that all that
can be requisite, under our present liberal system of pleading,
is to state in the complaint a time subsequent to the adoption
of the statutory provision.   That may be deemed *prima facie*
the true time; and although the parties are not confined to that,
yet if it should appear by the evidence that the transaction oc-
curred at too early a date, that would be a ground for a nonsuit.
There does not now seem to be any sufficient reason for requir-
ing any direct allusion to the statute, in the complaint.

It is still the rule, however, and should be, that the complaint
should state all the facts which are requisite to bring the case
within the statute.   Without them, (conjunctively when all are
required) when the right depends wholly upon the statute, there
can be no valid cause of action.   The act under which this suit
was instituted (*Laws of* 1847, *p.* 575, § 1,) provides that the
action may be maintained "whenever the death of a person shall
be caused by wrongful act, neglect or default, and the act, neg-
lect or default is such as would (if death had not ensued) have
entitled the party injured to maintain an action and recover
damages in respect thereof," and devolves the liability upon
those who would have been responsible if the injured party had

Brown *v.* Harmon,

survived.   In this case the complaint charges that at the time of the disaster, and for some time prior thereto, the defendants possessed and occupied, as a granary for storing grain for the use of their brewery, the loft of a building which had been negligently, carelessly and improperly constructed, and was by reason thereof unfit, from weakness, for the business to which the defendants applied it, *of which they had notice.*   That on the morning before the accident the defendants deposited an unusual quantity of barley in the loft, more than the outer wall could bear, in consequence of its weak and insecure state and improper construction, whereby the wall was pressed out, and fell upon an adjoining blacksmith's shop belonging to, and used by R. Hoe & Co., in which the deceased was then at work, and that he was killed by the fall of said wall, "*owing* to the *carelessness, negligence* and *fault* of the defendants in using said building in its weak and insecure state, and in overloading the same."  The only improper act, negligence or default, *directly* averred in the complaint, was in the construction of the building.   As it is not averred that the defendants then owned it—and indeed it is apparent from the case that they did not— the fault in the original structure was not imputable to them, nor can they be rendered responsible for it, except that its known weakness might be an element in the charge of carelessness in its use.   The defendants were not liable except for their own misconduct, and that, in reference to the edifice in question, could have been only in its use.   The complaint states that the defendants deposited in the loft a greater quantity of barley than what, from the defects in its construction, (known to them,) it could bear ; but it is not averred that in this they acted wrongfully, negligently, or culpably.   It is subsequently averred that by the fall of the wall *owing* to the carelessness, negligence and fault of the defendants in using the building in its weak and insecure state, the disaster was caused.   This is not, as I have · already remarked, a direct, but it is a merely inferential, charge of misconduct ; and that is not sufficient, in an action which is not founded upon, and did not exist at, common law, but is based wholly upon the statute.   In such cases there must, in order to

sustain the action, be a positive allegation not only of the acts, but of the qualifications, if any, prescribed by the statute. I am inclined to think, however, that this defect is cured by the verdict, within the rule laid down in *Williams'* note to *Saunders' Reports,* (1 *Saund.* 228, *a, n.* 1.) It is there said that when there is any defect, imperfection, or omission in any pleading, whether in *substance* or form, which would have been a fatal objection upon demurrer, if the issue joined be such as necessarily required on the trial proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict, by the common law. This rule has been often mentioned with approbation, and it has not, I think, been abolished by the code.

The difficulty in my mind has resulted from that part of the charge of the learned judge to the jury where he instructed them that if the accident resulted from the insufficiency of the brewhouse, or from its being overloaded with barley, the defendants were liable. Consistently with this the jury might have rendered a verdict for the plaintiff simply by reason of the original defective construction of the building, or from its being overloaded on account of such defect, although it might not have been known to them nor they guilty of negligence in not detecting it, and they might have been free from any actual misconduct. The counsel for the defendants did not, however, except distinctly to this part of the charge, nor call the attention of the judge, particularly, to its objectionable feature. If that had been done, he might have qualified what he had said by instructing the jury that in order to throw any responsibility upon the defendants by reason of original defects in the construction of the building, it was necessary that it should appear either that they were known to the defendants, or would have been discovered by them, but for culpable inattention. There was much in the evidence to show that the deficiencies were so palpable that they must have been known to those who were constantly occupying and using the loft where they existed. As the coun-

sel for the defendants did not object, distinctly, to that portion of the charge to which I have last alluded, the omission to qualify it cannot now avail, under the rigid rule applicable to exceptions. Neither can the objection be available on a case, as it is apparent from the entire charge that it must have conveyed to the jury the general impression that to justify a verdict for the plaintiff it must satisfactorily appear that the defendants had been guilty of some misconduct within the statutory description.

The act of April 7, 1849 (*Laws of that year, p.* 388, § 1) clearly authorized the personal representative of the deceased to maintain the action.

The damages found by the jury are large, and I should have been better satisfied with a verdict for a less amount; but the excess is not so great as to warrant the inference of any improper influence upon the minds of the jury, and therefore their verdict should stand.

Upon the whole, I have come to the conclusion, although with some hesitation, that the judgment should be affirmed.

Judgment affirmed.

[DUTCHESS GENERAL TERM, April 8, 1856. *Brown, S. B. Strong* and *Rockwell,* Justices.]