# KELLOGG *a.* BAKER.

*New York Superior Court; At Chambers, August,* 1862.

MOTION TO MAKE DEFINITE AND CERTAIN.—SHAM DEFENCES.— PLEADING WRITTEN INSTRUMENT.—AVERMENT OF TIME.— INCONSISTENCY.

While a motion to strike out a defence as sham is pending, it is irregular for plaintiff to make a second motion to strike out the same defence, on the ground that defendant has not complied with an order requiring it to be made more definite and certain.

The pleas of a general denial and of a general release are not inconsistent.

A verified answer will not be stricken out as sham, without clear proof of its falsity; a verified complaint is not such proof.

A motion to make a pleading more definite and certain by setting forth the contents of a written instrument relied on by the pleader, should not prevail where it appears that the instrument is lost, and the pleading apprises the adverse party of the nature and effect of the instrument.

Parties are bound to answer positively as to the facts within their own knowledge; but they are not presumed to recollect the date or contents of written instruments not in their possession or control.

In pleading a written instrument,—*e. g.*, a release,—if the only materiality of the date is, that it was after another event, it is sufficient to say that it was so.

The motion to make definite and certain (*Code*, § 160), is a substitute for special demurrer.

An objection to the pleading of a written instrument by stating its legal effect, instead of setting forth its contents, can be taken only by demurrer.

It is a fatal objection to a motion to make an answer more definite, that the plaintiff has noticed the cause for trial, upon the issue raised by such defence.

## Motion to strike out defences.

This action was brought by George Kellogg against William Baker, to recover $480.15. The answer averred three defences. 1. Statute of Limitations. 2. Compromise and release. 3. General denial. Plaintiff had previously moved to strike out the *second* defence as sham. The motion was heard before Mr. Justice Barbour, who ordered the *third* defence to be stricken out as sham.

This order was reversed on appeal, with liberty to plaintiff to proceed to a hearing of his motion to strike out the second defence as sham, if so advised. Plaintiff then made his present motion to strike out the second defence as sham, and the third as inconsistent with the second. The other facts sufficiently appear from the opinion.

*Rufus J. Bell*, for the motion.

*Samuel Owen*, opposed.—I. The plaintiff cannot have any greater relief than that claimed in his original motion.

II. The second defence cannot be stricken out as sham, except upon affidavit showing its falsity. A verified complaint will not suffice. (White *a.* Bennett, 7 *How. Pr.*, 59; People *a.* McCumber, 18 *N. Y.*, 315; Darrow *a.* Miller, 5 *How. Pr.*, 247; S. C., 3 *Code R.*, 241; Salinger *a.* Lusk, 7 *How. Pr.*, 430.)

III. The second and third defences are not inconsistent. (Hackley *a.* Ogmun, 10 *How. Pr.*, 44; Buhler *a.* Wentworth, 17 *Barb.*, 649; Lansing *a.* Parker, 9 *How. Pr.*, 288. See, also, Mott *a.* Bennett, 2 *E. D. Smith,* 50 ; Otis *a.* Ross, 8 *How. Pr.*, 193 ; S. C., 11 *N. Y. Leg. Obs.*, 343 ; Ostrom *a.* Bixby, 9 *How. Pr.*, 57.)

ROBERTSON, J.—After previous orders requiring the defendant to make his second defence more definite, and his amending the same, the plaintiff moved to strike out the part of the answer containing such defence as sham. On that motion an order was made, striking out the third defence, but not disposing of the motion made. That order was appealed from and reversed, with liberty to the plaintiff to proceed to a hearing of his original motion to strike out the second defence as sham.

The plaintiff has now given notice of a motion to strike out such second defence of the answer as sham, or as not complying with the order heretofore made, requiring the answer to be made definite and certain, or to strike out the third defence as inconsistent with the second defence.

The permission of the general term did not go further than to allow the rehearing of the motion to strike out as sham, probably on the ground that it had not been disposed of. If so, until it be disposed of by decision, withdrawal, or otherwise, no new motion can be made covering the same ground.

The additional relief now sought is to strike out the third defence as inconsistent with the second defence. Of course both these remedies cannot be given. I do not see any inconsistency between denying the original existence of any liability, and setting up a release of whatever might be due on such claim. A man may buy his peace without admitting the cause of action.

Upon the question of the sham character of the defence, no affidavit is introduced throwing suspicion upon it, and it is positively sworn to. The fact that the defendant has not complied with an order to make it more definite and certain does not make it sham. For such refusal the court may strike it out, but not as being sham; and it may be a serious question whether plaintiff, by having moved that the answer be made definite, may not have waived the right to strike it out as sham,

in consequence of putting the defendant to the trouble and expense of amending it.

But even if the motion now were to strike out as indefinite or uncertain, I think the motion should be denied, unless a party who has had a release under seal, which he has lost, is precluded from setting it up where he cannot recollect its exact date, consideration, and terms, or how executed. Parties are undoubtedly bound to answer as to facts within their own knowledge positively, but that does not extend to the contents of written papers; they are presumed to remember acts, but not writings. Every one may forget the date or consideration of an instrument, and yet remember enough of its operative words to show its legal effect; and unless I am driven to the conclusion that the defendant must remember the date of this instrument, or lose the benefit of it altogether, I ought to deny the motion. The Code uses the terms (§ 160), " so indefinite and uncertain that the precise nature of the defence is not apparent." It appears to me plain that such precise nature is apparent;—it is a release under seal, executed by the original creditors after the supposed cause of action arose, and before the beginning of this action. Time is not always material, and may be disregarded. (Potter a. Thompson, 22 *Barb.*, 87 ; Ive a. Scott, 4 *Dowl. Pr. C.*, 993 ; Lester a. Jewett, 11 *N. Y.*, 53 ; Lyon a. Clark, 8 *Ib.*, 148.) If its only materiality be, that one event occurred after another, it is sufficient to say so. (Martin a. Kanouse, 2 *Abbotts' Pr.*, 330; Brown a. Hermon, 21 *Barb.*, 508; Beesley a. Dalbey, 6 *Bing.*, *N. C.*, 37.) The motion to make definite and certain is a substitute for a special demurrer, which formerly discharged the same office. Allegations of various matters have been held to be good against special demurrers for want of stating time, such as the sale of goods, date of letters-testamentary, and ejectment of the plaintiff in an action for mesne profits. (Lane a. Thelwell, 3 *Cr. M. & R.*, 140 ; Hughes a. Williams, 2 *Ib.*, 331; Ive a. Scott, 4 *Dowl. Pr. C.*, 993.) I think, therefore, the second defence is stated with sufficient certainty. If there is any defect in it, by stating the legal effect of the instrument instead of setting forth a copy or stating its contents, the objection must be taken by demurrer.

But it is a fatal objection to the motion to make more defi-

nite, that the plaintiff waived all right to the relief sought by noticing the cause for trial, by which he accepted the issues as they stood, at least unless they were sham; he admitted he knew to what the defendant referred, and had no need of further information by making his answer more specific.

On all these grounds the motion must be denied, with $10 costs to the defendant.