## PHILLIPS *vs.* SUYDAM and others.

Although section 172 of the Code gives to a defendant the right to serve an amended answer as of course, within the time therein prescribed, yet this right may be waived.

A party, except perhaps in certain instances where the public have an interest, may always waive a right to which he is entitled; and such waiver may be either by an express stipulation, or by doing some act inconsistent with an intention to claim his right.

When a party notices a cause for trial upon the pleadings as they stand, he will be considered as waiving the right to amend his pleading as of course, and will be regarded as having elected to stand by the issue as then framed. CLERKE, P. J., dissented.

APPEAL by the defendants from an order made at a special term, denying a motion made by the defendants for an order requiring the plaintiff's attorney to receive an amended answer setting up the defense of usury. The action was upon a promissory note made by one of the defendants and indorsed by the others. The answer in question was served upon the plaintiff's attorney before the expiration of twenty days from the service of the original answer, and after both parties had noticed the action for trial. The plaintiff's attorney declined receiving the amended answer, on the ground that the defendants, by noticing the cause for trial, had waived their right to amend.

Justice INGRAHAM, before whom the motion was made, denied the same, for the following reasons: "Noticing the cause for trial prevented an amendment of the pleadings of the party giving the notice. The answer shows no defense, except that of usury. Under the circumstances of this case, the defendants should not be allowed to make that defense."

*P. W. Wildey*, for the appellants.

*J. B. Elwood*, for the respondent.

CARDOZO, J.    The 172d section of the Code undoubtedly gives the right to serve an amended pleading, as of course, within the time therein prescribed; but a party, except perhaps in certain instances where the public have an interest, may always waive a right to which he is entitled, and such waiver may be either by an express stipulation or by doing some act inconsistent with an intention to claim his right.    When a party notices a cause upon the pleadings as they stand, I think he must be considered as waiving the right to amend his pleading as of course, and must be regarded as having elected to stand by the issue as then framed.

I think the order below should be affirmed, with costs.

GEO. G. BARNARD, J., concurred.

CLERKE, P. J., (dissenting.)    The defendants served an amended answer within twenty days after the service of the previous answer; but they had also served a notice of trial before they served the amended answer.    Any pleading, according to the Code of Procedure, (§ 172,) may be once amended by the party as of course, without costs, and without prejudice to the proceedings already had, at any time within twenty days after it is served.    The defendants, therefore, had a clear right to serve their amended answer; unless the service of a notice of trial by them was a waiver of that right.

Formerly, by successive rules of this court, this right was restricted and qualified; so that, for instance, a defendant could not have put in a totally new plea or defense without leave.    He could only reform the plea which he had put in.    But, by successive changes of the rules, before 1847, and similar changes in the Code, since, the right became absolute and unrestricted.    (*See Macqueen* v. *Babcock*, 13 *Abb.* 268.)    As section 172 now stands, therefore, whatever may be the nature of the defense set up in the

new answer, the defendant cannot be deprived of this right; and if he serves it within the prescribed time, the service of a notice of trial by him, or any other similar action of his, will not operate as a waiver, unless the plaintiff has been damnified by it; as, for instance, by throwing the case over a circuit. Nothing of the kind appears to have happened in this case; and, in my opinion, the defendants have not lost the right given to them by section 172, merely by having noticed the cause for trial; as it threw no impediments in the way of the plaintiff's proceedings previous to the trial, did not prejudice them in any way, and did not postpone the trial a single day.

The order should be reversed, with costs.

Order affirmed.