By the Court.—Mouell, Ch. J.
The point made by the appellant, is, that proceeding to examine the defendant, Kelly, upon the issues framed by his answer, was inconsistent with the right to amend, and was a waiter of that right.
It is provided that any pleading may be once amended by the party of course—in the case of a complaint, at any time within twenty days after the service of the answer. This is given as an absolute right, of which the party can not be deprived, unless, as provided, it shall be made to appear that the amendment was made for the purposes of delay. In which case the court may strike it out {Code, § 172).
There are, however, cases in which the right of a party may be waived, and this is claimed to be one of them.
It seems to have been frequently decided, that noticing the action for trial, operates as a waiver of the right to amend as of course (Van Santvoord, PI. 796 ; Cusson v. Whalon, 5 How. Pr. 305; Phillips v. Suydam, 54 Barb. 153), the ground being, that by noticing, the party has accepted the issue as tendered, and can not do any inconsistent act. So noticing a cause for trial has been deemed a waiver of the right to move to have a pleading made more definite and certain (Kellogg v. Baker, 15 Abb. Pr. 286), or to strike out irrelevant *419 or redundant matter (Corlies v. Delaplaine, 2 Sandf. 680).
These decisions are put on the ground that an amendment of, or a motion to reform, a pleading, is not consistent with the preceding act of noticing the issues for trial, and, therefore, a waiver.
But in the case before us, I can not perceive any such ineonsisténcy, nor any reason for deeming the right to amend waived.
The right to examine a party as a witness, is as absolute as the right to amend. It is subject only to such rules as have been made regulating the practice (McVickar v. Greenleaf, 4 Robt. 657; Winston v. English, 14 Abb. Pr. N. S. 119; Rule of Comst. 21). If the examination is had after issue, it must be for the purpose of establishing the cause of action or defense ; and it is to be presumed the materiality of. the evidence in this case was sufficiently shown.
An amendment of course, it is declared, shall be “ without prejudice to the proceedings already had.” It can not, therefore, deprive a party of any right which he had, or would have had, if the amendment had not been made.
The examination of the defendant had not been completed, and the plaintiff may elect to continue and finish it. But as far as it has gone, it is a “ proceeding already had,” and any advantage it may have to the defendant, is not impaired by the amendment.
A party examining an adverse party is not obliged to read the evidence, but the adverse party may read it (Barry v. Galvin, 37 How. Pr. 310). Therefore, whether, in this case, the plaintiff continues the examination or not, or, whether he reads the evidence already taken or not, it is clear, that the defendant may read it on the trial, on his own behalf. And it can no more be suppressed, than it could be if taken *420 on the trial; for it is only a substitute for the examination on the trial.
The right to amend is not regulated or restricted by the nature of the amendment; and if, as was suggested in this case, the amendment renders the examination of the defendant already taken of no importance, it. can not affect the right, nor be made to operate as a waiver of the right.
Ho doubt the court, on motion, would allow the amendment, and the only terms, beside mere costs,,it would impose, would be, that the examination of Kelly should stand. That, as we have seen, needs no order of the court; and I can see no reason for putting a party to a motion, when none of the rights of the adversary are lost or impaired, by adopting an ex parte proceeding.
The order should be affirmed, with costs.
Sedgwick, J., concurred.