Sedgwick, Ch. J.
—“If it were not for §401, Code Civ. Pro., the limitation of the time of enforcing civil remedies would be applied to all defendants irrespective of their being in or out of the state, residents or non-residents, at the time of the accruing of the action or during the limited time. Upon provisions similar to § 401 it was held that foreign corporations could not avail themselves of the Statute of Limitations, because such provisions applied to corporations as well as natural persons, and a foreign corporation was always without the state (Olcott v. Tioga R. R., 20 N. Y. 210). Section 414 declares that the provisions of chapter 4 shall apply, except in a case where a different limitation is expressly prescribed by law. If this were all, inasmuch as the present case is under § 1902, which prescribes a special limitation of two years, it would seem to be clear that the provision of § 401 does not apply to the case, and the plaintiff is not authorized to commence the action at any time after the time specially limited therefor has passed. The only doubt, however, that occurs to me would be, if at all created by the question whether the words the ‘ provisions of this chapter ’ were not so limited by its connection as not to refer to all the provisions in the widest sense, but refer to the times especially declared within which actions may be begun—e. g., twenty years for ejectment, six years for contracts not under seal, &c. The words are: ‘ The provisions of this chapter apply and *528 constitute the only rules of limitation applicable to a civil action,’ &c. A scrutiny of § 401 shows that the enlargement of the time given by it, upon the conditions it names, is in an exact sense a limitation of time, and is a rule of limitation, as also are the specific terms before-named in the chapter. The demurrer should be overruled with judgment for defendant.”
Cooper & Whitlock, for appellant.
—Under section 401 of the Code, the defendant stands in all respects as a domestic corporation in regard to all limitation statutes, provided that they comply with subdivision 2 of section 432 of the Code. It does not appear by the answer that this certificate has been filed. A foreign corporation cannot under any circumstances avail itself of a statute of limitation in the courts of this state (Rathbun v. Northern Central R. R., 50 N. Y. 656; Boardman v. Lake Shore & Michigan Southern R. R. Co., 84 Ib. 185).
W. E. Barnett, for respondent.
—No action for causing death could be maintained under the cómmon law. To sustain the action every condition of the statute must be complied with, one of which is that “such an action must be commenced within two years after the decedent’s death” (Brown v. Harmon, 21 Barb. 508; Yertore v. Wiswall, 16 How. 8).
Prior to the death of the plaintiff’s intestate, chapter IY. of the Code of Civil Procedure, containing the general statutes of limitation and the rules and exceptions in relation thereto, had been enacted; but the whole chapter is made subject to the qualifications contained in § 414, which provides that “ the provisions of this chapter (chapter IY.) apply, and constitute the only rules of limitation applicable, to a civil action .... except in one of the following cases: (1) A case where a different limitation is specially prescribed by law.” An action under § 1902 is “a case where a different limitation is specially prescribed,” and is therefore expressly excepted from the “rules of limitation” contained in chapter IY., including the “rule” in *529 §401, under a provision similar to which the cases above cited were decided.
It follows that Olcott v. Tioga R. R. Co. (20 N.Y. 210), and Rathbun v. N. C. R. R. (50 N. Y. 656), are not now authority for sustaining the plaintiff's demurrer in the case at bar (Throop's Code, § 414, note).
Boardman v. L. S. & M. S. Ry. (84 N. Y. 157), though recently decided, was commenced in 1875, two years before chapter IV. of the Code of Civil Procedure took effect. It was not a case governed by any special limitation, and of course the points raised in the case at bar were not considered in that action. Moreover, it was unnecessary in that case to make any decision as to the disability of a foreign corporation to plead the statute of limitations.
The “designation” provided in the last clause of § 401 of the Code of Civil Procedure would enable a foreign corporation to plead the statute of limitations in actions mentioned in titles 1 and 2 of chapter IV. and not commenced within the times limited in those titles. It is not necessary for such a corporation to show the filing of a “ designation ” in order to be enabled to plead the statute of limitations in an action under § 1902, if the final sentence in that section is to b.e treated as a statute of limitations.
The court at General Term said : “If this appeal could be entertained, I would have no hesitation in holding, as the merits have been argued and examined, that the learned chief judge was right in the conclusion reached and the assignment of his reasons therefor. But it has been repeatedly held that an appeal from such an order will not lie before judgment ” (Cambridge Valley Nat. Bank v. Lynch, 76 N. Y. 514; Garner v. Harmony Mills, 45 Super. Ct. 148; Campbell v. N. Y. Cotton Exchange, 47 Super.Ct. 558).
Opinion by Freedman, J.; O'Gorman, J., concurred.
Appeal dismissed, with costs.