### HURLEY *v.* SEHRING.

(*Supreme Court, General Term, First Department.* December 31, 1891.)

**1. LANDLORD AND TENANT—SURRENDER BY PAROL.**
　　Premises held under a written lease, having an unexpired term of more than one year, may be surrendered by parol.

**2. SAME—COVENANT FOR RE-ENTRY OF LESSOR.**
　　A covenant in a lease provided that, if the premises should become vacant before the expiration of the term, the lessor might re-enter and relet the same as the lessee's agent. In an action on the lease the lessee introduced evidence that the lessor told him he might move out; that he did so; that the keys were accepted by the lessor's agent; and that thereafter, before expiration of the term, the premises were rented to another. *Held,* that the question whether there was an accepted surrender should have been submitted to the jury.

Appeal from circuit court, New York county.

Action by Johannah Hurley against Philip Sehring upon a written lease. At the trial the jury found a verdict for plaintiff. A motion by defendant for a new trial was denied, and judgment for plaintiff was entered on the verdict. From the judgment and the order denying his motion for a new trial defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

*H. C. Henderson,* for appellant. *Charles F. Bliss,* for respondent.

VAN BRUNT, P. J. The complaint sets forth two causes of action, the second being being the only one which is brought up for consideration upon this appeal. In respect to this cause of action the complaint alleges that the defendant leased certain premises of the plaintiff on the 1st of May, 1886, for the term of three years, and that the defendant abandoned the premises without the knowledge or consent of the plaintiff. The answer admits the making of the lease, and alleges that the defendant surrendered the premises to the plaintiff; that the plaintiff consented to the surrender, and accepted said premises so surrendered by the defendant, and occupied them by another tenant. Upon the trial the defendant offered evidence tending to show that after he had been in possession under the lease for some months he had a conversation with the plaintiff, and demanded that certain promised repairs and improvements should be made, and the plaintiff said she was too poor to make them. The defendant told the plaintiff he could not live there unless the repairs were made, and the plaintiff told him to move out; she had another man to take the place. The defendant thereupon told her he would move out about the 1st of January, when he did move out, and the key was delivered to the plaintiff's agent. It was admitted upon the trial that the plaintiff rented the premises to another party at a rent of $20 a month, which occupation continued until the commencement of the action. The plaintiff denied having told defendant to move out, but admitted he had talked to her about the

repairs, and that she told him she was too poor to make the same. After the evidence was closed, and the counsel of the defendant had summed up, all the evidence of defendant and two of his witnesses as to the conversation between the plaintiff and defendant was, on the application of the counsel for the plaintiff, stricken out, to which ruling the counsel for the defendant excepted. The court thereupon directed a verdict for the difference between the rental specified in the lease and that for which the plaintiff let the premises to another tenant, less any sum the jury might find had been paid by the defendant. From the judgment entered upon the verdict thus directed, and from the order denying a motion for a new trial, this appeal is taken.

The theory upon which the learned court acted in the disposition of the case seems to have been that, there being more than one year unexpired of the term of the lease, there could be no surrender except by a written instrument or an action to annul the lease. It was evidently upon this theory that the court acted in striking out the evidence upon the part of the defendant in regard to the surrender. We think that the court erred in this regard. It is true that the lease in question contained a covenant that, if the premises, or any part thereof, should become vacant during the term, the party of the first part might re-enter the same, and relet the premises as the agent of the party of the second part, and receive the rent thereof, applying the same first to the payment of such expenses as she might be put to in renting the same, and then to the payment of the rent due upon the lease. But the question still remained as to whether there had been an accepted surrender or not. Were no covenant of this kind contained in the lease, the acceptance of the keys and the renting of the premises would have been presumptive evidence of surrender. But, the lease containing this clause, the mere acceptance of the keys and possession of the premises would not be sufficient to raise such a presumption; and it was for the jury to determine upon all the facts of the case whether the acceptance of the keys and the subsequent acts done by the plaintiff were in furtherance of the surrender of the premises and an acceptance of the same or not. A surrender by operation of law takes place where the parties to the lease do acts so inconsistent with the subsisting relations of landlord and tenant as to leave no doubt that the parties intended to terminate the tenancy, and those acts must speak for themselves. The execution of a new lease during the period of an existing one will effect a surrender of the lease. Within this principle the facts at bar show that there may have been an accepted surrender. There was a lease executed to a different tenant during the period of an existing one; and the question was whether that was in furtherance of a surrender, or because of the stipulation contained in the original lease. The case of *McKenzie* v. *Harrison*, 120 N. Y. 260, 24 N. E. Rep. 458, shows that a lessor cannot repudiate an agreement respecting the covenants of the lease so far as it has been executed, and so far it could not be revoked. So in the case at bar. If there was an executed surrender, it could not be revoked. There was evidence from which the jury might determine that there had been an executed surrender, and hence a termination of the liability of the defendant upon the lease. It is true that the premises cannot be surrendered, such surrender to take place *in futuro*. But in the case at bar the premises were not surrendered until the 1st of January, when the party moved out, and the key was accepted, and a new tenant put in. We are of opinion, therefore, that if there was an accepted surrender the defendant did not continue liable under the lease. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.