EUGENE KELLY, Plaintiff, *v.* CHARLES H. NOXON and Others, Defendants.

*Lease for more than a year — may be surrendered by parol, by accepted surrender — evidence — a contract for future surrender must be in writing.*

Eugene Kelly, who had leased by a written lease offices to a firm of Noxon and others from April first, for one year, subsequently, by a writing, extended the term for four years. Just before the first of June, in the second year, one of the lessees had a conversation with Kelly's agent, who, the lessees wishing to be released, said there was a person who would take the offices if they would deliver them up immediately, whereupon the lessee said all right, it was short notice, but he would see what he could do. He talked to his brother, also a lessee, and a day or two later the lessees vacated after having delivered the keys to the agent's clerk.

In an action by Kelly to recover the rent subsequently falling due under the lease:

*Held,* that although the lease was for more than a year it could be surrendered by parol if the surrender was accepted.

That the proof did not establish an accepted surrender.

That the indefinite answer of the lessee that he would see what he could do did not establish a contract for a surrender, and that the delivery of the keys, unaccompanied by any agreement as to a surrender, was not enough.

That an agreement to surrender at a future time was within the statute.

EXCEPTIONS of the defendants, Charles H. Noxon, Willis E. Noxon and John F. Noxon, directed to be heard in the first instance at General Term, taken upon a trial at the New York Circuit before the court and a jury, at which the court directed a verdict for the plaintiff for $326.99.

The case came before the General Term on a motion for a new trial made upon a case and exceptions.

The action was brought to recover the amount due upon a written lease which was originally for one year from April 1, 1889, and was extended by a writing for four years from May 1, 1890. The defendants were copartners.

*N. A Lalor*, for the motion.

*C. J. Hardy*, opposed.

VAN BRUNT, P. J. :

This action was brought to recover the rent of certain premises in the city of New York. It appeared that the plaintiff had leased to the defendants offices for one year, which was afterwards extended to four years, and that the defendants, on or about the first of June of the second year, vacated the said premises, and the question involved is as to whether there was an accepted surrender by which they were discharged from the further payment of rent.

It was claimed upon the part of the defendants that the plaintiff made an agreement with them, that if they would remove and vacate the premises by a certain time he would release them from the lease ; that the defendants carried out their agreement by vacating the premises in time and delivering the keys to the plaintiff's agent who accepted the same.

It was claimed upon the trial that there could be no surrender of the lease without writing, because it had more than one year to run. That this position, however, was not well taken is shown by the case of *Hurley* v. *Sehring* (43 N. Y. St. Rep., 240) and cases there cited. An accepted surrender may terminate any lease ; the only question arising being as to whether there has been such surrender and acceptance.

It appeared from the evidence offered upon the part of the defendants in the case at bar that they had been occupying, as above

stated, the premises in question, and that they desired to be relieved from the lease which they had entered into, and made application to the plaintiff's agent to that effect some time in March, stating that they desired to be released after the first of May following. They were told that if they could get a tenant they would be released. Subsequently, the last week in May, one of the defendants had a conversation with one of the agent's of the plaintiff, who stated to him that there was a party who would take the offices if they would deliver them up immediately, whereupon the defendant told him " All right ; of course it was short notice, but he would see what he could do." He testified that he talked to his brother about it and decided to vacate them at once, and did vacate them within a day or two, fixing the day or two, because two days after was the first of June, and the agent said he wanted them about the first of June. They thereupon went down stairs and gave the keys to the clerk of the agent, one of the agents being there at the time. Nothing further was said nor were the offices afterwards occupied by the defendants.

. The court, upon this evidence, directed a verdict for the plaintiff, and the question arises as to whether the proof was sufficient to establish an accepted surrender. We think not. It is apparent, from the testimony of the defendants, that it was not definitely settled at the conversation with the agent whether they would remove or not, because the reply was, when told that the offices could be rented if the defendants could remove immediately, " Of course, it was short notice, but he would see what he could do," and he talked to his brother about it, and they decided to vacate it at once, and did vacate within a day or two afterwards.

No communication was made to the agents subsequent to this undecided answer until the incident of the keys ; nor is there any evidence of an agreement to accept any surrender at the time of the delivery of the keys referred to.

There was no contract for surrender. The defendants did not move out immediately, but not until after the expiration of a day or two thereafter ; and there was no evidence of any meeting of minds in respect to this question of surrender. In order that a party may be released upon the claim of a surrender of a term within the statute, the evidence must be strong and unequivocal, showing an accepted surrender, otherwise the provisions of the statute are

defeated. It is only when there has been an accepted agreement of surrender that the provisions of the statute do not apply.

An agreement to surrender at a future time comes within the statute; and in the case at bar there were no acts done by the agents of the plaintiff which were not entirely in harmony with the powers conferred upon them by the lease from the plaintiff to the defendants.

Under these circumstances, we fail to see that the proof was of that character which would have justified the court in submitting any question to the jury.

We think the exceptions should be overruled and judgment rendered for the plaintiff upon the verdict, with costs.

O'BRIEN and ANDREWS, JJ., concurred.

Exceptions overruled and judgment rendered for the plaintiff upon the verdict, with costs.