(10 Misc. Rep. 653.)

### LYONS v. MILLER.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

1. PLEADING—IMMATERIAL VARIANCE—EFFECT.
   An immaterial variance between the pleading and the proof should be disregarded, and it is error to direct a verdict because of such variance.

2. SAME—AMENDMENT ON TRIAL.
   In case of immaterial variance between the pleading and the proof, it is the duty of the court either to allow an immediate amendment, or else to direct a finding of the fact according to the evidence.

3. SAME—ALLEGATION OF TIME.
   Unless a constituent of the cause of action or defense, a statement of time is not an essential allegation, and need not be proved as laid; and unless the variance of time in the pleading and proof be shown to have misled the adverse party, to his prejudice, it should be disregarded.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Harris Lyons against Julius Miller. From a judgment of the city court (30 N. Y. Supp. 832) affirming a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

A. H. Berrick, for appellant.
Herman Joseph, for respondent.

PRYOR, J.   In answer to an action for rent for June, 1894, the appellant alleged a surrender "about" the month of September, 1893, and tendered evidence of a surrender in August, 1893; but the court rejected the offer, and directed a verdict in favor of the plaintiff, for want of proof of the defense pleaded.   The judgment has been affirmed by the general term of the court below on the ground of variance between the proof tendered and the defense pleaded, and we are to determine whether the ruling may be supported upon any principle in the law of New York.

The maxim invoked by the court below, that judgment must be "secundum allegata et probata," applies only to the substance, not to the circumstances, of a claim or defense.   So that, upon principle, if there be a substantial identity between the plea and the proof, a circumstantial variation is of no consequence.   Place v. Minister, 65 N. Y. 89, 99.   By the Code (section 539), a defense offered is a variance from the defense pleaded only upon proof, to the satisfaction of the court, that it has actually misled the plaintiff, to his prejudice.   If no such variance be so shown, the court may allow an immediate amendment, or direct the fact to be found according to the evidence.   Code, § 540.   Here, between the surrender pleaded and the surrender tendered in proof, there was no single discrepancy, except in the predicate of time.   Under the common-law system of pleading, while indispensable to state the time of occurrence of every material and traversable fact, it is unnecessary to prove the time as alleged, unless a constituent of the cause of action or defense.   1 Chit. Pl. 259.   So, under the Code, if the time a fact happened be material to the cause of action or to the defense, it must be specified and proved.   People v. Ryder, 12 N. Y. 433; Patterson v. Baker, 6 Thomp. & C. 76; Id., 3 Hun, 398.   But, when the only materialty of the statement of time is to show the order in which events occurred, it suffices to aver that the one event preceded the other, without designating the date of either.   Brown v. Harmon, 21 Barb. 508; Kellogg v. Baker, 15 Abb. Pr. 286, 289; Martin v. Kanouse, 2 Abb. Pr. 330.   Hence, as, by the answer and the tender of proof, the surrender antedated the accrual of the rent, the day or month of the surrender was of no moment to its efficacy as a defense.   And the discrepancy in the time of the surrender as stated and offered to be shown, in the absence of evidence of prejudicial surprise, afforded no justification for rejection of the proof of surrender.   Code, § 540; Craig v. Ward, 36 Barb. 377; Catlin v. Gunter, 11 N. Y. 368; Place v. Minister, 65 N. Y. 89, 104; Hauck v. Craighead, 4 Hun, 561.

Since the variance between the defense pleaded and the defense tendered in proof was immaterial, no amendment of the answer was necessary (Code, § 539); and the court erred in the exclusion of the evidence.   In any event, the discretion of the court was confined to the alternative of an immediate amendment, or a finding of the

fact according to the evidence.  One or the other the court was bound to allow, and by refusing both it committed manifest error.  Again, at every stage of an action "the court must disregard an error or defect, in the pleadings or proceedings; which does not affect the substantial rights of the adverse party."  Code, § 723; Weil v. Martin, 24 Hun, 645, 646.  This beneficent statute of jeofails, designed expressly to relax the rigor of the common law, and prevent a defeat of justice by mere informalities in pleading or procedure, the court below has nullified by a ruling for which no precedent is to be found even in the arbitrary and illiberal system which our Code supersedes.

The respondent essays to uphold the judgment by objections to the sufficiency of the facts shown to constitute a surrender, to which attempt a twofold reply is obvious:  First, that the appellant was checked in the production of his proof; and, secondly, that the points now urged were not presented or determined in the court below.  Our function is only to review errors in the actual adjudication of the city court.  We may add, however, that the statute of frauds is of no avail against an accepted surrender.  Kelly v. Noxon, 64 Hun, 282, 18 N. Y. Supp. 909; Hurley v. Sehring (Sup.) 17 N. Y. Supp. 7; Vandekar v. Reeves, 40 Hun, 430.  Judgment reversed, and new trial ordered; costs to abide the event.  All concur.