### BALDWIN v. COHEN et al.

(Supreme Court, Appellate Division, Second Department. April 30, 1909.)

1. LANDLORD AND TENANT (§ 190*)—CONSTRUCTIVE EVICTION—BURSTED WATER PIPE.

Real Property Law (Laws 1896, p. 589, c. 547) § 197, permitting a tenant to surrender possession and release himself from rent where the building is so injured by the elements, or any other cause, as to be untenantable, has nothing to do with the law of eviction, but only changes the common-law rule by giving a tenant the right to quit, and does not relieve him from the payment of rent because of a frozen water pipe bursting, on the theory of constructive eviction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 765; Dec. Dig. § 190.*]

2. LANDLORD AND TENANT (§ 172*)—CONSTRUCTIVE EVICTION—BURSTED WATER PIPE.

The bursting of a frozen water pipe, and refusal by the landlord to repair, as required by the lease, is not a constructive eviction, relieving the tenant from the payment of rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 700, 701; Dec. Dig. § 172.*]

3. LANDLORD AND TENANT (§ 188*)—RENT—CONDITIONS PRECEDENT—COVENANT TO REPAIR.

Unless expressly made so, the keeping of a covenant by the landlord to repair is not a condition to the payment of rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 783; Dec. Dig. § 188.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. LANDLORD AND TENANT (§ 233*)—ACTIONS FOR RENT—QUESTIONS FOR JURY.
Whether there had been a surrender of possession by the tenant, and acceptance by the landlord, so as to relieve the tenant from the rent sued for, *held* for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 941, 942; Dec. Dig. § 233.*]

5. FRAUDS, STATUTE OF (§ 63*)—SURRENDER OF LEASE—NECESSITY OF WRITING.
Real Property Law (Laws 1896, p. 592, c. 547) § 207, requiring a surrender of a lease for more than one year to be in writing and signed by the tenant, does not apply where there is an actual surrender and acceptance.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 98; Dec. Dig. § 63.*]

6. LANDLORD AND TENANT (§ 168*) — BREACH OF COVENANT TO REPAIR — TENANTS AT FAULT.
A breach of a covenant by a landlord to make inside repairs, including plumbing, does not entitle the tenants to recover for damage to their goods from a frozen water pipe bursting, where they are at fault.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 661, 662; Dec. Dig. § 168.*]

Appeal from Municipal Court of New York.

Action for rent by John O. Baldwin against Abraham Cohen and another. Judgment for plaintiff on a directed verdict, and defendants appeal. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Morris S. Hirschberg, for appellants.

Lewis C. Grover (Theo. Burgmyer, on the brief), for respondent.

GAYNOR, J. The learned counsel for the defendants claims that there was evidence of a "constructive eviction" which should have been submitted to the jury. He bases this on section 197 of the real property law (Laws 1896, p. 589, c. 547). But that provision has nothing to do with the law of eviction. It only changes a hard rule of the common law by giving a tenant the right or option to "quit and surrender possession of the leasehold premises," and thereby release himself for rent accruing after such surrender, where the "building which is leased or occupied is destroyed or so injured by the elements, or any other cause, as to be untenantable and unfit for occupancy," etc. In place of enlarging the law of eviction it does not provide for an eviction, but only confers an option to quit and surrender on such injury or destruction of the building. Instead of being evicted, the tenant still has possession of the leased property, and it may be to his profit to continue to hold it. Now all that happened here was that a water pipe in the leased premises burst from freezing, and the landlord refused to repair it, although there was a provision in the lease that the landlord should do the inside repairs, "including the plumbing." The said statute does not cover such a case, nor does the law of eviction; nor was the keeping of the covenant to repair a condition to the covenant to pay rent. Huber v. Ryan, 26 Misc. Rep. 428, 56 N. Y. Supp. 135.

But the defense of surrender and acceptance should have been sub-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mitted to the jury. When the defendant asked the plaintiff to repair the pipe he refused and told the plaintiff if he was not satisfied with that to move out, and the plaintiff told him he would move out, and he began to move out in about two weeks. While the moving was going on, the plaintiff came on the premises and told the defendant's representative to clean up the place and send him the keys when the moving was over. This is according to the evidence for the defendant. The keys were delivered to the plaintiff and he made no objection. Section 207 of the real property law, which requires a surrender of a lease for a term of more than one year to be in writing and signed by the tenant does not apply. If there be an actual surrender and acceptance that suffices. Kelly v. Noxon, 64 Hun, 281, 18 N. Y. Supp. 909; Chaplin on Landlord and Ten. c. 29.

The defendants were not entitled to counterclaim the damage to their goods. Reiner v. Jones, 38 App. Div. 441, 56 N. Y. Supp. 423; Weinberg v. Ely, 114 App. Div. 857, 100 N. Y. Supp. 283.

The judgment should be reversed.

Judgment and order of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.