## ZIPSER v. DUNST.

(Supreme Court, Appellate Term, First Department. May 19, 1915.)

1. LANDLORD AND TENANT ⟜109—ACTION FOR RENT—DEFENSES—SURRENDER.
   Where a tenant of a flat house, under a three-year lease expiring August 31, 1916, and which was in possession of his subtenants, failed to pay the rent due November 15, 1914, whereupon the landlord said he would put him out, and the tenant replied that the landlord might give him back the security and take his house, and the landlord told him that he would do so, and on November 30th notified the subtenants not to pay any further rent to the tenant, there was a surrender of the lease and an acceptance.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–360, 363–365, 368–371; Dec. Dig. ⟜109.]

2. FRAUDS, STATUTE OF ⟜139—SURRENDER OF LEASE—NECESSITY OF WRITING —EFFECT OF PERFORMANCE.
   Real Property Law (Consol. Laws, c. 50) § 242, making a writing signed by the tenant essential to the surrender of a lease for more than one year, does not apply, where there is an actual surrender and acceptance, as distinguished from a mere oral agreement to accept a surrender.
   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 334–341; Dec. Dig. ⟜139.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max A. Zipser against Isaac Dunst. From a final order entered on a verdict directed by the court in summary proceedings, the defendant appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY and BIJUR, JJ.

Bernard I. Kamen, of New York City (Sol. S. Ostertag, of New York City, of counsel), for appellant.

Feiner & Maass, of New York City (Ira Skutch, of New York City, of counsel), for respondent.

GUY, J. The proceeding was brought for nonpayment of rent due November 15, 1914. The defense was surrender. On November 16th the tenant called upon the landlord, paid him $200 on account, and promised to pay the balance before the end of the month. The tenant again went to the landlord on November 28th. The landlord was angry because the the check was brought so late, and said:

"I don't want you; I will throw you out."

To which the tenant replied:

"You don't need to throw me out. Give me my security back and take your house."

The landlord then said:

"I will willingly. Don't go any more to the house, and don't have anything · to do with it. You don't collect any more rents from this moment, and come Monday morning with your papers, and I will reckon you up, and I will give your security back."

On the following Monday morning, when the tenant called on the landlord, the latter said that his father had died, that he could not do the reckoning, and he suggested that the tenant go to the landlord's lawyer to fix the matter. The demised premises were a flat house in the possession of subtenants, and on November 30th the following notice was served on these undertenants:

"To the Tenants of 218 East Sixth Street: You are hereby notified not to pay any further rents to Isaac Dunst or his agents until further notice.
　　"Yours truly,　　　　　　　　　　　　　　Max A. Zipser."

The tenant had collected the November rents, and also rents for part of December. The lease was for three years, expiring August 31, 1916.

[1, 2] The tenant's testimony would authorize the jury to find that the landlord agreed to accept a surrender of the lease; but, the unexpired term exceeding one year, the effect of the statute (Real Property Law, § 242), making a writing signed by the tenant essential to the surrender of a lease for more than one year, remains to be considered. This statute does not apply where there is an actual surrender and acceptance. Baldwin v. Cohen, 132 App. Div. 87, 116 N. Y. Supp. 510; Kelly v. Noxon, 64 Hun, 281, 18 N. Y. Supp. 909. I think the undisputed evidence in this case is sufficient to make out a surrender and acceptance by the acts of the parties, not merely an oral agreement to accept a surrender of the premises.

Order reversed, and a new trial ordered, with costs to appellant to abide the event.

BIJUR, J., concurs.