## ZIPSER v. DUNST.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

LANDLORD AND TENANT ☞231—RE-ENTRY—NOTICE.

Where a notice from the landlord to subtenants to pay no more rent to the lessee was served subsequent to the service of the precept on the lessee, the notice was improperly stricken from the evidence, since it is evidence of acceptance of a surrender by the lessee of the premises, while the precept does not permit exercise of dominion over them.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. ☞231.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max A. Zipser against Isaac Dunst. From a final order on a directed verdict in summary proceedings in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

See, also, 153 N. Y. Supp. 394.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Bernard I. Kamen, of New York City (Sol. S. Ostertag, of New York City, of counsel), for appellant.

Feiner & Maass, of New York City (Ira Skutch, of New York City, of counsel), for respondent.

PER CURIAM. This is the second trial of this matter. On the first trial the court below directed a verdict, and the order was reversed on the ground that there was a controverted question of fact as to the surrender and acceptance that should have been submitted to the jury. 153 N. Y. Supp. 394. Upon this trial the notice, dated November 30th, served upon the subtenants by the landlord, was at first received in evidence, but when it appeared from the testimony of the marshal that he served the notice on December 1st, a half hour after he had served the precept herein on the tenant, the notice was stricken out. In this the court erred. The service of the precept did not terminate the relation of landlord and tenant, and permit the landlord to exercise dominion over the premises. The service of the notice was evidence of a surrender having been accepted. At the present trial the janitor testified that the landlord called at the premises on November 29th, and told him that Dunst had nothing more to do with the

premises. For the reasons given in our former opinion, the case should have been submitted to the jury.

Order reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.