OPINION OF THE COURT
James H. Boomer, J.
In this action for rent plaintiff moves for summary judgment. Defendant concedes that the rent was unpaid from December, 1976 through June, 1977, but claims that it is not obligated for any rent after February, 1977. The affidavit of William Fitzgerald, vice-president of defendant, avers, "In February of 1977 I was contacted by William T. Boulter, a representative of the plaintiff, and I advised him Great Lakes Express Company, Inc. was going out of business in the Rochester area and no longer needed the terminal in question. Mr. Boulter advised me at that time he had found another *580 tenant for the premises and he would permit us to vacate the premises at the end of February, 1977.”
The affidavit further states that "When Mr. Boulter advised me that he would allow Great Lakes to vacate the premises at the end of February because he had another tenant, I ceased making any effort to obtain a subtenant to mitigate the exposure to Great Lakes. Now, apparently, it appears that Mr. Boulter’s statement to me was false. Had I known that there was not a replacement tenant available, I would have made every effort to obtain a subtenant.” These are the facts upon which defendant predicates its affirmative defense of release or surrender and fraud.
Plaintiff states that these facts constitute no defense to the action for rent since any "estate or interest in real property, other than a lease for a term not exceeding one year * * * cannot be * * * surrendered * * * unless by act or operation of law, or by a deed or conveyance in writing”. (General Obligations Law, § 5-703, subd 1.)
A surrender of a lease need be in writing only if the unexpired term is in excess of one year (Smith v Devlin, 23 NY 363). Here the lease was originally for a 10-year period and at the time of the alleged surrender the lease had more than five and one-half years to run. There was, however, a clause in the lease that permitted the tenant to terminate the lease at the end of five years by giving notice in writing 60 days prior to the expiration of the five-year period. There is no proof that prior to the alleged oral surrender the tenant gave notice in writing terminating the lease. It must, therefore, be considered that this lease, at the time of the alleged surrender, had an unexpired term of more than one year, and thus could not be surrendered orally.
 A lease that has more than one year to run need not be surrendered in writing; it can be surrendered by "operation of law”. (General Obligations Law, § 5-703, subd 1.) "The presumption of a surrender [by operation of law] arises from the acts of the parties, which are supposed to indicate an intention to that effect”. (Lawrence v Brown, 5 NY 394, 404.) "[A]n invalid or unenforceable agreement of surrender does not accomplish a surrender, unless either fully executed * * * or so acted upon as to result in an estoppel”. (Ann., 78 ALR2d 933, 964.)
 When is an agreement to surrender fully executed? What acts by the lessee in reliance on the agreement will *581 result in an estoppel? "[T]he mere quitting of the premises by the lessee pursuant to an invalid or unenforceable agreement does not effect a surrender.” (56 NY Jur, Statute of Frauds, § 131, citing Kelly v Noxon, 64 Hun 281; Hurley v Sehring, 17 NYS 7; Goelet v Ross, 15 Abb Prac 251.) It may be said, then, that the quitting of the premises in reliance upon the oral agreement is neither a fully executed surrender nor is it an act which will result in an estoppel. To hold otherwise "would nullify the statute.” (Felker v Richardson, 67 NH 509, 511.) To be fully executed the agreement must be acted upon by both parties; there must not only be a quitting of the premises by the lessee, but an act by the lessor indicating acceptance of the surrender. "Undoubtedly, the lessor’s acceptance of the premises as terminating the lessee’s estate must in some manner appear, absent facts of estoppel. Kelly v Noxon (1892) 64 Hun 281.” (Ann., 78 ALR2d 933, 971.) A re-entry by the lessor (Schulte Real Estate Co. v Frankfort, 146 Misc 282) or the releasing to another (Rogge v Levinson, 113 NYS 525) may be such an act of acceptance.
Here the lessor did not re-enter or relet to another and there is no showing of any other acts by it indicating an intention to accept the quitting as a termination of the lease.
Has the defendant shown facts sufficient to result in an estoppel? There is no indication that the defendant moved out in reliance upon the oral agreement or upon the statement that the lessor had found another tenant. It was "going out of business and no longer needed” the premises. In any event, as recited above, quitting in reliance upon an oral agreement will not result in an estoppel; nor will the quitting in reliance upon a statement that the lessor has another tenant available (Kelly v Noxon, 64 Hun 281, supra). In the Kelly case, as here, after the lessee indicated that he wanted to be discharged from the lease, the lessor told the lessee that a person had been found who would take up the premises if delivered up immediately. Relying upon this, the lessee vacated a day or two afterward. The court held that "the evidence must be strong and unequivocal showing an accepted surrender” and there was no such evidence. From this case it may be deduced that where the moving out in reliance upon the statement that another tenant was available does not result in an estoppel.
The defendant, however, adds another element in an attempt to substantiate an estoppel. It claims that it had the *582 right to sublease or assign and because of the statement by the lessor that the lessor had found another tenant, it, the lessee, ceased making any efforts to obtain a subtenant or assignee. I determine that these facts do not give rise to an estoppel. If the act of moving out in reliance upon the statement that another tenant is available does not effect an estoppel, I fail to see how the ceasing of efforts to find a subtenant does so. The detriment or damage to the defendant here is speculative. He moved from the premises some time in the same month that he was told another tenant was available. No tenant moved in after he left. We are not told how long he ceased his efforts to find a subtenant nor when he found out that the lessor had no new tenant available.
The affirmative defense in fraud and deceit rests upon the same facts as that of surrender. If the plaintiff can avoid the effect of the statute by claiming that the agreement was fraudulent, the statute is rendered a nullity. Proof of fraud, moreover, must be clear and convincing. "It is axiomatic that a party who opposes summary judgment must reveal his proofs in order to show that matters set up in his answer are real and can be established upon a trial”. (Popkin v Security Mut. Ins. Co., 48 AD2d 46, 49-50.) "Absent claim that the facts are not within his control, a party cannot defeat a motion for summary judgment without laying bare his proof in evidentiary form”. (Koppers Co. v Empire Bituminous Prods., 35 AD2d 906, 907.) Here the defendant’s representative does not state sufficient evidentiary facts to show fraud. He does not recite that the statement to the effect that the lessor had found another tenant was false when made; he recites only that "apparently it appears” that the statement was false. He does not even give the basis for this assumption.
Plaintiff’s motion for summary judgment is granted in the amount of $9,625, with interest.