New York Produce Exchange Safe Deposit and Storage Company, Respondent, *v.* New York Produce Exchange, Appellant.

First Department, March 21, 1924.

Landlord and tenant — action to compel specific performance of agreement to renew lease — written agreement was executed providing for renewal — lease executed thereunder without renewal clause — agreement and lease were recorded — lessee gave notice of renewal — complaint alleges ultimate fact of agreement to renew and is sufficient in law.

The complaint in an action to compel the specific performance of an agreement to renew a lease states facts sufficient to constitute a cause of action and is sufficient in law, where it is alleged that the parties entered into a written agreement relating to the terms of a lease which was to be thereafter executed, · which agreement provided that a renewal clause should "be added to the lease" and, also, set out the terms of the renewal; that the form of lease was contained in the agreement and a lease was subsequently executed in that form, but contained no provision for a renewal thereof; that the agreement, the lease and a letter, written before the agreement was entered into, were recorded as one instrument; and that the complaint alleges further, that pursuant to said agreement and the lease, the plaintiff is entitled to a renewal of said lease and has served a notice on the lessor exercising its option to renew and has endeavored to have the renewal executed by the lessor but without avail.

Construing the letter, agreement and lease together, it was the evident intention of the parties to provide for a valid agreement for the renewal of the lease. At least, whether it was or not is a question of fact which should not be disposed of upon affidavits.

Dowling, J., dissents, with memorandum.

Appeal by the defendant, New York Produce Exchange, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of March, 1923, denying its motion for judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Baldwin, Holt, Gaillard & Fisher* [*Abel E. Blackmar* of counsel; *Frederick S. Fisher* with him on the brief], for the appellant.

*Parker & Aaron* [*Herman Aaron* of counsel], for the respondent.

Merrell, J.:

The action is for specific performance of an alleged agreement to give the plaintiff a forty-year renewal of a lease of a part of the New York Produce Exchange Building, the plaintiff contending that the defendant agreed to extend its present lease for a further term of forty years, and that, refusing to grant such extension, it should be compelled to specifically perform its contract.

**422** N. Y. P. Exchange S. D. & S. Co. *v.* N. Y. P. Exchange.

First Department, March, 1924. [Vol. 208

According to the allegations of the complaint, on March 3, 1887, an agreement was entered into between the New York Produce Exchange, the defendant herein, and the plaintiff, the New York Produce Exchange Safe Deposit and Storage Company, for a lease for the term of forty years from the 1st day of May, 1884, until the 1st day of May, 1924. It appears from the complaint that the plaintiff had been in the occupation of the leased premises prior to March 3, 1887, from on or about the said 1st day of May, 1884. The agreement of March 3, 1887, recited that, whereas no lease of the premises had been theretofore executed, and for the purpose of settling all differences of opinion and objections existing on the part of either of said parties to said agreement, certain propositions contained in a letter written by E. A. Orr, as chairman of special committee of the New York Produce Exchange Safe Deposit and Storage Company, which letter bore date January 10, 1887, and a copy of which was annexed to said agreement of March 3, 1887, " be and the same are hereby accepted by the party of the first part [New York Produce Exchange] subject to the conditions and explanations herein contained as follows." By the 7th clause of the letter written by Orr, as chairman of plaintiff's special committee, it was provided as follows:

" *7th.* That a renewal clause satisfactory to the Exchange shall be added to the said lease based upon the ordinary conditions of agreement or appraisement by arbitration."

In the said agreement of March 3, 1887, it was provided in the 4th and final clause thereof as follows:

" *Fourth.* That the renewal clause to be added to said Lease referred to in the proposition designated as 7th in said letter shall be for Forty Years or for such term as the parties hereto may agree upon at an annual rent of such sum as may be agreed upon by the said parties hereto or, in case of disagreement, as shall be fixed by appraisement for every ten years of the said renewal as the just rental of said premises at or before each such term of ten years, each of said parties to select one appraiser for that purpose and the appraisers so selected to appoint a third as umpire if they fail to agree.

" Such renewal to be at the option of the party of the second part, provided they shall give notice in writing to the party of the first part of at least six months prior to the termination of said Lease."

The said agreement of March 3, 1887, was on its date duly executed by both parties thereto, both the plaintiff and defendant herein, and there was attached thereto the said letter written by Orr, as chairman of plaintiff's special committee, and there

was also annexed a lease of said property which was in the form adopted and approved by the defendant, for the forty-year period. This lease was in fact executed on March 19, 1887, and, as before stated, was for forty years from May 1, 1884. The lease contained no provision for a renewal thereof.

It is the contention of the appellant herein that the agreement of March 3, 1887, and the letter of January 10, 1887, were merged in the lease which was finally executed on March 19, 1887; and that, said lease actually containing no renewal clause, it must prevail; and that, therefore, there was no agreement made which the defendant may be compelled specifically to perform.

It was conceded upon the argument by counsel for the appellant that, if the complaint had stated the ultimate fact that there was an agreement between the parties for such renewal, the complaint would have been sufficient; and that the defendant would have been put to trial, if it disputed the making of such an agreement. While the complaint rests upon the letter written by Orr containing in its 7th provision above quoted the requirement as to a renewal for forty years, and also sets forth the agreement of March 3, 1887, where it was provided that the renewal clause " to be added to said lease " referred to in the Orr letter should be for forty years or for such term as the parties thereto might agree, it, nevertheless, is alleged in the complaint, after setting forth said letter and agreement and the aforesaid lease: " That pursuant to said agreement of March 3rd, 1887, and the said lease, the plaintiff is entitled, at its election, to a renewal of said lease for forty years   *   *   *."

It seems to me that the facts being thus set forth, there was sufficient allegation of the ultimate fact that the plaintiff was entitled to such lease. I think the three documents must be considered as one. *First*, the proposition of the plaintiff through Orr, chairman of its special committee, of January 10, 1887, and then the agreement of March 3, 1887, defining the renewal clause which was " to be added to said lease," and the lease itself; all should be read together as expressing the intent of the parties. The agreement of March 3, 1887, specifies that the lease to be executed between the parties was to be in the form theretofore submitted, " a copy whereof, marked ' B,' is hereto annexed." And the 3d paragraph of said agreement provides:

" *Third.* That the covenants, conditions and agreements contained in the said copy of Lease hereto annexed and marked ' B ' are all and severally hereby accepted and agreed to by the said party of the second part and made a part hereof to the same effect as though the same were herein specifically set forth."

424   N. Y. P. Exchange S. D. & S. Co. *v.* N. Y. P. Exchange.

First Department, March, 1924.                    [Vol. 208

Immediately following is the 4th paragraph, above quoted, which defines the terms of the renewal clause " to be added " to the lease.   This sequence of expression in the written agreement clearly indicates that the parties understood that nothing further was required to insure a renewal of the lease at the option of the lessee.   They annex to their written agreement the precise lease which they were to execute, and agree to execute such lease, and follow this by their agreement as to the terms of the " renewal clause to be added to said Lease," fully defining the same, and leaving for further determination alone the amount of rental to be paid for the extended term, and providing, in case of eventual disagreement with reference to the rental, for fixation thereof by appraisement for every ten years of the renewal period " as the just rental of said premises at or before each such term of ten years."   The parties were thus most explicit in their written agreement.   It is most unreasonable to believe that the clear and unambiguous provisions of such written agreement were to be nullified by the execution of the lease which failed to include within its four corners the renewal clause.   The agreement was not to include in the lease an agreement to renew, but that the renewal clause should " be added " to the lease.   A clear distinction between the terms " included in " and " added to " is evidenced by the manner in which the lease was negotiated.   After the execution of these papers as alleged in the complaint they were all recorded as a single instrument in the office of the register of the county of New York in block series of Conveyances, section 1, liber 100, page 67, and indexed under block No. 11 on the land map of the the city of New York.

It seems to me the execution of this agreement wherein the lease, which was thereafter executed and attached to the agreement, was referred to, as well as the preliminary letter from Orr, constituted a valid agreement on the part of the defendant to grant a forty-year extension.

The provision of the 4th paragraph of the agreement of March 3, 1887, was that the renewal clause to be added to the lease was to be for forty years or for such term as the parties thereto might agree, and that such renewal was to be at the option of the party of the second part, the plaintiff herein, provided said lessee should give notice in writing to the party of the first part of at least six months prior to the termination of said lease.   The complaint alleges the giving of such notice on September 27, 1922; and the complaint alleges that subsequently thereto the plaintiff had endeavored without success to obtain from the defendant a renewal of said lease, but that the defendant refused to renew the   same

and denied that plaintiff had or has any right to renew said lease or tenancy for said period of forty years, or for any other period; and claimed that said lease terminates absolutely on May 1, 1924. Plaintiff further alleges that it earnestly and persistently endeavored to induce the defendant to enter into negotiations with the plaintiff to fix the rental; and that the plaintiff, being unable to agree with the defendant, had itself named an appraiser for the purpose of fixing by appraisement the just rental of said premises under said lease under plaintiff's right and option of a renewal thereof; and that the plaintiff authorized and empowered said appraiser to fix the terms for said rental with an appraiser to be appointed by the defendant, and in the event that he and said other appraiser should fail to agree, to join with such other appraiser and appoint an umpire; and that on or about November 9, 1922, plaintiff delivered to defendant a certified copy of the resolutions of the plaintiff's board of trustees making such appointment and conferring such authority upon said appraiser, and requested defendant to appoint an appraiser on its part so that the appraisal or arbitration might proceed as provided for in the 4th clause of said agreement of March 3, 1887; that thereupon defendant refused to appoint such appraiser and has ever since refused to make such appointment, and has continued in its repudiation of any rights of the plaintiff to any renewal under said lease or to any proceedings in furtherance thereof. Thereupon the plaintiff sought the intervention of a court of equity to compel the defendant to specifically perform its said agreement.

It will be noted that the agreement upon which the plaintiff relies did not provide that there should be included in the lease itself when executed an agreement to grant a renewal of said lease, but the agreement defined the forty-year lease referred to in the Orr letter of January third, and which was " to be added to said lease." Taking into account the recording of the three instruments together, the Orr letter, the agreement of March 3, 1887, and the lease finally executed on March 19, 1887, I think the defendant clearly intended thereby to bind itself to a renewal of said lease. At least, whether it did or not is a question of fact to be disposed of upon evidence adduced upon the trial of the issues. Evidence may be forthcoming showing that the parties clearly intended by their rather unusual action that the provision in the agreement of March third was the only agreement for a renewal which was " to be added to said lease." On the other hand, it may appear from the evidence that the minds of the parties did not finally meet, and that there was still something to be done; and if so, that there was in reality no contract for a renewal.

But it seems to me that the fair inference to be drawn from the transaction is that the parties by their agreement of March 3, 1887, intended to finally fix the terms of the contract as to a renewal. The agreement, as contained in the 4th provision of the instrument of March 3, 1887, is clear and explicit and leaves nothing to be determined, excepting the rental which was to be fixed, possibly by ten-year periods, during the renewal period. There is no claim or suggestion that there was any agreement ever entered into between the parties for a renewal period of less than forty years, as provided in the agreement.

The law is well settled that an agreement in writing to give a lease, which is clear and explicit, may be enforced as a contract between the parties, although a formal lease may not have thereafter been executed, although contemplated by the parties, at the time of making the agreement. (*Pratt* v. *Hudson River R. R. Co.*, 21 N. Y. 305; *Sanders* v. *Pottlitzer Bros. Fruit Co.*, 144 id. 209.)

I think the order denying defendant's motion for judgment dismissing the complaint was proper, and that the allegations of the complaint were sufficient to present issues which can be disposed of only upon a trial thereof, and that the matter should not be disposed of upon affidavits.

The order appealed from should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within twenty days upon payment of said costs and ten dollars costs of motion at Special Term.

FINCH, McAVOY and MARTIN, JJ., concur; DOWLING, J., dissents.

I dissent upon the ground that in my opinion the agreement in question is provisional only; that by its express terms the renewal clause was to be added to the lease and was not to exist as an independent agreement; that no valid, enforcible covenant for a renewal term of the lease is in existence; and that plaintiff cannot recover under its present form of action, but its rights, if any, could be asserted only in an action to reform the lease.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within twenty days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.