■ NATHAN BENDERSON, Respondent, v COMPUTER TASK GROUP, INC., Appellant. (Appeal No. 1.) [629 NYS2d 559]

—Judgment unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiff's motion for summary judgment on the first cause of action of the complaint. Century Housewares, Inc. (Century), as tenant and sublessor, entered into an agreement with the prime landlords to surrender and terminate its lease and to assign its sublease with defendant, Computer Task Group, Inc. (CTG). The record is devoid of evidence that Century was in default of its obligations under the lease or that the lease was terminated pursuant to its terms. Thus, the agreement between Century and the prime landlords effected a voluntary surrender of the lease, and CTG became a direct tenant of the prime landlords under the terms and conditions of the sublease, as modified by supplemental agreements (see, Eten v Luyster, 60 NY 252; Metropolitan Life Ins. Co. v Hellinger, 246 App Div 7, affd 272 NY 24; Da Costa's Automotive v Birchwood Plaza Shell, 106 AD2d 484).

The prime landlords then sold the property to plaintiff and notified CTG that all future payments due under the sublease should be paid directly to plaintiff. CTG made those payments to plaintiff for about three years. When it was unsuccessful in its efforts to modify that lease, CTG ceased making payments required by that lease, as amended, and plaintiff commenced this action to recover the amounts due under the lease. The conduct of CTG constituted an attornment (see generally, 74 NY Jur 2d, Landlord and Tenant, § 720) and, because CTG did not dispute the amount alleged to be due, the court properly granted judgment to plaintiff. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.