[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 254 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 255 
The plaintiff was, at the time of the forcible entry by the defendants, and the commission of the wrongs complained of, in possession of the premises, as the tenant of one Morrison, under a hiring for a term which had not expired. Morrison was the immediate lessee of the owner (to whose title, in fee, the defendants had succeeded), under a hiring for a year, by written lease, containing a covenant, by the lessee, to vacate the premises on having two months' notice, in writing, and being paid $200, as an equivalent for moving and giving up the lease.
By an instrument, under seal, bearing date 26th of July, 1868, but which, it is claimed, was executed in June, Morrison, in consideration of $300, canceled the lease to him, and waived any further notice to quit, and agreed to vacate the premises on or before the 1st day of July, 1868. On the first or second day of August, the defendants entered upon the premises occupied by the plaintiff, tore down and ruined a building which the plaintiff had erected thereon, and removed his chattels and personal property. There being no prohibition against subletting in the lease to Morrison, he had a right to sublet the whole or any part of the premises. (Jackson *Page 258 
v. Silvernail, 15 J.R., 278; Same v. Harrison, 17 id., 66;Roosevelt v. Hopkins, 33 N.Y., 81.) The plaintiff, the sublessee, by the contract of hiring, acquired a valid term in and a right to the possession of the part of the demised premises let to him for the time agreed upon, subject, only, to be defeated by the expiration of the term of Morrison, or a re-entry by the owner of the fee, and supreme landlord, for some condition of the demise broken. He held the premises, subject to the conditions of the original lease to Morrison, and the conditions of his own hiring, and, with these limitations, his right to hold for the term granted to him was perfect.
There was no breach of the condition of the hiring to the plaintiff, and his immediate landlord and lessor had no right of entry, or to dispossess him. The term of Morrison had not expired, and there was no breach of condition, or default on his part in the payment of rent, or the performance of any other act entitling his landlord to re-enter and dispossess him. There was no action by or between the original lessor and lessee, under the clause of the lease entitling the lessor to the possession on a notice of two months and the payment of a specified sum of money. A proceeding under that provision would have put an end to the term of Morrison, and the right of the plaintiff, his lessee, would have fallen with the expiration of that term. It was not technically accurate to charge the jury that the right of sixty days' notice, reserved to Morrison, of right belonged to the plaintiff, and that the plaintiff, as well as Morrison, was entitled to that notice. That covenant and condition merely provided for the determination of the demise before the expiration of the full term, that is, for an expiration of the term upon a contingency not depending upon the lapse of time, and those entering under the lessee took subject to the failure of title, or the expiration of the term of the lessee in any of the ways provided for. All that the plaintiff could claim was a continuance of his term within the time agreed upon, until the term of his lessor had expired by the limitations of the demise *Page 259 
to him. But the inaccuracy of the charge did not affect the result. The defendants claimed the right of possession and to dispossess the plaintiff under a surrender of the term by the original lessee, without the knowledge or assent of the plaintiff. That surrender, and the consequent merger of the greater and lesser interest, terminated the original lease, and the term created thereby, as between the parties to the lease and the surrender. The covenant, in respect to the termination of the lease upon the specified notice and payment, became inoperative with all the other covenants and conditions of the demise. But it was not competent for the lessor and lessee to affect the rights of third parties by a formal surrender of the lease. The interests and the terms of the subtenant of the lessee continued as if no surrender had been made. The defendants, the surrenderees and owners in fee, became the immediate landlords of the plaintiff, with only such rights as his lessor would have had to the possession of the premises before the expiration of the term. (Davenport's Case, 8 Coke, 144; Webb v. Russell, 3 T.R., 393; Doe v. Pyke, 5 M. S., 146.) Morrison could not sell, give up, or surrender to the defendants any thing that did not belong to him; and he could not terminate the lease to the plaintiff, or destroy his rights. (Adams v. Goddard,48 Maine, 212; Archibald's Landlord and Tenant, 85.)
As landlords, the defendants had no right of entry, and their forcible dispossession of the plaintiff was a trespass for which the plaintiff had an action; and the proceedings for his removal by summary process, under the landlord and tenant act, having been reversed, the warrant furnished no protection to them, and constituted no defence to the action. (2 R.S., 516, § 49;Hayden v. Florence Sewing Machine Co., 54 N.Y., 221.) The statute expressly gives an action to the tenant in such case.
The plaintiff was only entitled to recover such damages as were the direct consequences of the acts of the defendants, and those acting under their direction and by their authority. This would exclude from the consideration of the jury all *Page 260 
damages resulting from the acts of, or want of proper care of the property by the plaintiff. The act complained of was the wrongful removal and destruction of the plaintiff's property in his absence, and there was no evidence that any part of the loss was caused by his act, or could have been prevented by him. The question of contributory negligence is not in the case. The plaintiff owed no duty to the defendants, and was not called upon to gather up the fragments of his scattered and broken chattels, but was at liberty to leave them where the defendants, left them, and look to the latter for their value. They were out of his possession by the tortious act of the defendants, by whom, and whose acts, they were lost or destroyed. The plaintiff complains of the pulling down and destruction of his building, and the taking and conversion of his personal property, as well as the damages sustained by a loss of his business. The latter claim was excluded from the consideration of the jury by the court, but evidence of the other items of loss and damage were clearly within the allegations of the complaint, and admissible. For all loss occasioned by the trespass, whether in the destruction of the chattels or the loss of money that was kept upon the premises, the plaintiff was entitled to recover. That the money was kept in an unusual place did not take it out of the protection of the law, or affect the liability of the defendants for their tort. They acted at their peril, and must respond for the consequences. The loss of the money, although the defendants may not have suspected its presence, was the direct and necessary consequence of the acts of the defendants.
There was no error committed upon the trial, in the admission or rejection of evidence, to the prejudice of the defendants. The building had been placed upon the premises by the plaintiff during a former term, under a similar hiring from Morrison, with the privilege of removing the same. The evidence was, that it was so constructed that it might be removed without injury to the premises. There was also evidence for the jury that the privilege of removal was continued to the plaintiff, under the last letting, and that the *Page 261 
building was his, and removable at his pleasure during the continuance of the term, and the question of property, upon the evidence, was submitted to the jury. If, upon the last letting, the property of the plaintiff in the building was recognized, and his right to remove it extended through the renewed term, he was entitled to recover its value in this action. (Loughran v.Ross, 45 N.Y., 792.) He was not only entitled to recover for the building, but also the value of the unexpired term; but, under the charge of the judge, the jury were restricted to the allowance of but one of these items: to the value of the building if the jury found with the plaintiff as to the ownership and right of removal; to the value of the unexpired term if they found for the defendants on the question of ownership of the building. This was error, but against the plaintiff. The acts and declarations of the servant of the plaintiff on the premises, at the time of the trespass, was not evidence against the master, and if they were, those offered in evidence were wholly immaterial, and were properly excluded for that reason. The receipts of Morrison for rent were admissible, as the admissions of the landlord, to whose rights, by surrender, the defendants had succeeded, of the payment of rent while he continued to be the landlord. But they were immaterial and did not affect the result, as there was no claim that the plaintiff had made default in the payment of his rent and was liable to be removed for that reason.
Whether the statement of the witness Mitchell, that the plaintiff said he had not, as yet, spent a cent in the action; that his lawyers took it upon speculation, is in or out of the case is of no consequence. It was a declaration that could not legitimately influence the verdict, and it has no significance, as reported by the witness.
The verdict was for much less than the money claimed to have been lost, exclusive of the other items of damage claimed, and the jury must have rendered a compromise verdict. Injustice may have been done the defendants in the amount of the recovery, although it cannot be demonstrated *Page 262 
by the record; but there were no errors of law entitling them to a reversal of the judgment.
The judgment must be affirmed.
All concur; RAPALLO, J., expresses no opinion as to the right of the plaintiff to recover for the money lost, but concurs in opinion in all other respects.
Judgment affirmed.