(53 Misc. Rep. 325)

### WEINTRAUB v. WEIL et al.

(Supreme Court, Appellate Term. March 14, 1907.)

VENDOR AND PURCHASER—REMEDIES OF PURCHASER — ACTION — BURDEN OF PROOF.

> Where a purchaser rejected the title on the ground that a lease of the premises from the vendor to another had not been terminated in the manner prescribed in the lease, and that hence the rights of a subtenant had not been affected by an alleged surrender, but there was nothing to show that the lease had not been terminated as provided for by its terms, a judgment in favor of the vendor in an action by the purchaser to recover the money paid under the contract was proper, as. the' burden of showing irregularity in the termination was on the purchaser.

Appeal from City Court of New York, Trial Term.

Action by Morris Weintraub against Jonas Weil and another. Appeal by plaintiff from a judgment in favor of defendants and from an order denying a motion for a new trial. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Jacob Manheim and Harry A. Gordon, for appellant.
Arnstein & Levy (Samuel Levy, of counsel), for respondents.

GILDERSLEEVE, P. J. The plaintiff appeals from a judgment of the City Court in favor of the defendant, entered upon the verdict of a jury, rendered by direction of the court, and from an order denying the plaintiff's motion for a new trial.

The action was brought to recover the sum of $700, deposited by the plaintiff as part of the purchase price under a contract for the sale. of real estate, together with the sum of $175, the reasonable expense incurred in the examination of the title. The closing of the title failed for the reason that, in the opinion of the plaintiff, the defendants did not tender a title in accordance with the terms of the contract. The case was tried upon an agreed statement of facts. The appellant challenges the judgment upon three grounds, upon the theory that in the direction of the verdict the court below erroneously overruled each of the three grounds of his contention.

It appears that the defendants. on January 30, 1902, made a lease of the entire premises to one Sarah Vladofsky for a term of five years, from the 1st day of February, 1902. This lease contained the following provision:

"It is further agreed by and between the parties hereto that, in case the said party of the first part [the defendants] desire to cancel this lease and

regain possession of the house hereby demised, they shall have the right and are hereby empowered so to do, upon returning to the said party of the second part [Sarah Vladofsky] the sum deposited as security ($400) and paying in addition the sum of $100; and the said party of the second part [Sarah Vladofsky], upon receiving ten days' notice and receiving such sum, hereby agrees to cancel this lease and surrender said premises."

It further appears that on May 6, 1903, this lease was assigned to Gussie Vladofsky, and that on April 12, 1905, the said Gussie Vladofsky agreed to an annulment of the lease and surrendered the premises, to take effect as of April 4, 1905. It further appears that by a written lease, bearing date February 1, 1905, Gussie Vladofsky rented the basement of the premises in question for a term of two years and three months, beginning February 1, 1905, and ending May 1, 1907, to Moses Deitz. It further appears that said Deitz entered into possession of the said basement, and that subsequently, by regular assignments, one Dora Bernstein became a subtenant of the basement, and was in possession thereof at the time appointed for the performance of the aforementioned contract and at the time of the trial.

The principal point urged by the appellant as ground for reversal is that the lease of the entire premises between the defendants and Sarah Vladofsky was not terminated in the manner prescribed in the lease, and that therefore the rights of Dora Bernstein as a subtenant were not affected by the alleged surrender, and that she was entitled to possession of the basement until February 1, 1907. It is the contention of the appellant that, if this ground of objection is not sustained, he is entitled to have considered other grounds set forth in his brief, which he claims entitle Dora Bernstein to the possession of the basement, notwithstanding the alleged surrender by Vladofsky. We think the record fully supports the claim of the respondents that there was but one question litigated on the trial, namely, the incumbrance upon the title by reason of the lease under which Bernstein claimed possession. Without reviewing the various stipulations by counsel, as they appear upon the record, the following, which is the latest, direct reference to the point to be litigated seems to be conclusive. It is as follows:

"Defendants' Counsel: Let me understand before we go any further. Do you or do you not stipulate in this case that the only point to be litigated is this incumbrance that was created by the lease from the assignee of Mrs. Vladofsky to Moses Deitz and his respective assignees? Do you stipulate that, or don't you? It must be either 'Yes' or 'No.'

"The Court: That is already on the record. I therefore direct a verdict in favor of the defendants."

The appellant, as ground for reversal, invokes the application of the rule laid down in Eten v. Luyster, 60 N. Y. 252. In that case, as here, the defendant claimed the right of possession by reason of a surrender of the term by the original lessee, without the knowledge or assent of a subtenant and not in conformity to the terms of said lease. The lease contained a clause providing for the termination thereafter at the option of the landlord after two months' notice. It was held that the lease could not be terminated and the subtenant's rights abrogated, except in the manner and upon the terms prescribed in the lease. We are unable to apply this principle in aid of the ap-

pellant, for the reason that it nowhere appears in the record, by proof or by admission, that the surrender of the original lease was not executed in conformity with the terms thereof. For all that appears the ten days' notice provided for was duly given. No wrongdoing on the part of the landlords has been alleged or proven. In the absence of such allegation and proof, it must be presumed that the lease was terminated in strict accordance with the terms. The burden was upon the plaintiff to show that his reason for the rejection of the title was a good and valid reason and that the surrender was not executed in accordance with the terms of the limitation expressed in the lease. Greenblatt v. Herman, 144 N. Y. 13, 38 N. E. 966.

For these reasons, we are of opinion that the judgment and order should be affirmed, with costs to the respondent.

Judgment affirmed, with costs to the respondent. All concur.