ASHTON HOLDING CO., INC., Appellant, *v.* MOLLIE LEVITT, Sued Herein as " JOHN " LEVITT, Respondent.

First Department, March 5, 1920.

**Landlord and tenant — effect on subtenant's rights of surrender of principal lease to owner of fee — attornment — acceptance of rent from subtenant after surrender of principal lease — right to dispossess subtenant.**

The surrender by a lessee of his lease to the owner of the fee and the consequent merger of the greater and lesser interest terminates the lease as between the parties, but the interest and term of a subtenant of the lessee continues as if no surrender had been made, and the owner of the fee has such rights only as the lessee would have had before the expiration of his term.

Where the purchaser of the fee accepts the rent from a subtenant there is an attornment of the subtenant to the new landlord under the existing lease, though the tenant had surrendered the lease of the entire property to the vendor prior to the sale.

Accordingly where the lease of a building, containing permission to sublet, provided that in case the landlord should enter into a contract for the sale of the premises he should have the right to terminate the lease on twenty days' notice, and the premises were sold on the day of the surrender of the lease but without the landlord terminating it, the new owner could not dispossess the sublessee on a five days' notice in summary proceedings on the ground that he was holding over after the expiration of his lease.

*It seems,* that, if the first owner had proceeded to cancel the lease under the twenty-day clause therein, the cancellation of the principal lease would have canceled the sublease and the subtenant if he had remained in possession thereafter would have been holding over.

Appeal by the plaintiff, Ashton Holding Co., Inc., from an order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 6th day of November, 1919, affirming a final order of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, in favor of the defendant.

*Jacob R. Schiff* of counsel [*I. Maurice Wormser* with him on the brief; *Morrison & Schiff,* attorneys], for the appellant.

*Isidore Witkind,* for the respondent.

Page, J.:

In December, 1915, the Scheer, Ginsberg Realty & Construction Co., Inc., as landlord, leased six buildings to Jacob Wiegan for a term of three years commencing January 1, 1916, and ending December 31, 1918, with the right to Wiegan to sublet the various apartments therein. The lease contained a clause that in case the landlord shall enter into a contract for the sale of the demised premises, it should have the right to terminate the lease on giving twenty days' written notice of its intention so to do. This lease was extended for a period of three years and four months terminating April 30, 1922. Wiegan, on January 1, 1919, leased to Mollie Levitt one of the apartments in said buildings for the term of two years, terminating on December 31, 1920, at the yearly rental of $360, payable $30 monthly in advance. On April 1, 1919, Wiegan, by an instrument in writing, surrendered his lease to the Scheer, Ginsberg Realty & Construction Co., Inc. On the same day the Scheer Ginsberg Realty & Construction Co., Inc., deeded the six buildings to the Ashton Holding Co., Inc. On the same day the agent of the Ashton Holding Co., Inc., demanded the rent for the month of April from Mollie Levitt, and it was paid to him. Thereafter, the Ashton Holding Co., Inc., gave five days' written notice to Mollie Levitt requiring her to remove from the premises on May 1, 1919. Upon her failure to remove a summary proceeding was instituted to remove her from the

possession of the premises as a holdover. The Municipal Court justice dismissed the proceedings for the reason, as may be gathered from his remarks, that rent profiteering landlords are to be discouraged. On appeal the Appellate Term affirmed the order without opinion.

There can be no doubt that the clause in the lease that in case of a contract of sale of the property the landlord could terminate the lease by giving twenty days' written notice created a conditional limitation upon the term demised. If the landlord had proceeded under this clause of the lease, the term of the lease would have expired at the end of the twenty days, and the landlord could have proceeded against the tenant and those claiming under him as holding over after the expiration of the term. (*Miller* v. *Levi*, 44 N. Y. 489.) This proceeding could have been maintained against the subtenant for: " The subtenant's rights are measured by those of his immediate landlord, the original tenant, and the cancellation of the lease, by its own terms, as to one cancels it as to both." (SCOTT, J., in *Bruder* v. *Geisler*, 47 Misc. Rep. 370.)

In the case under consideration, however, the parties did not proceed under the clause in the lease; therefore, the condition upon which the limitation was predicated never happened. Mollie Levitt, by the contract of hiring, acquired a valid term and a right of possession in the part of the demised premises let to her for the time agreed upon until the expiration of the lease of her immediate landlord, subject only to be defeated by the expiration of the term of her immediate landlord or a re-entry of the owner of the fee for some condition broken. The surrender by the immediate landlord of his lease to the owner of the fee, and the consequent merger of the greater and lesser interest terminated the lease of Wiegan, and the term created thereby, as between the parties to the lease. But it was not competent for the owner and its lessee to affect the rights of third parties. The interest and term of the subtenant of the lessee continued as if no surrender had been made. The owner of the premises, upon the surrender of the lease, became the immediate landlord of Mollie Levitt, with only such rights as Wiegan would have had to the possession of the premises before the expiration of the term. Wiegan could not sell, give up or surrender anything that did not belong to him.

He could not terminate the lease to Mollie Levitt or destroy her right therein. (*Eten* v. *Luyster*, 60 N. Y. 252, 258, 259.) Therefore, when the new owner accepted the rent it was the rent reserved in the lease, and not merely for use and occupation or upon a new agreement of hiring for an indefinite term. It was an attornment of the tenant to the new landlord under the existing lease. This lease could not be terminated by the five days' notice. Mollie Levitt is not holding over after the expiration of her term. She is in possession under the terms of her lease and entitled to remain in possession so long as she performs the conditions of the lease on her part until the expiration of the demised term.

The determination of the Appellate Term should be affirmed, with costs.

Clarke, P. J., Laughlin, Smith and Merrell, JJ., concur.

Determination affirmed, with costs.