OPINION OF THE COURT
Edward H. Lehner, J.
In January of this year the undertenant, Weight-No-Longer, Inc. (subtenant), subleased a small portion of the space then occupied by Retailers Representatives, Inc. (tenant) at 1372 Eighth Avenue. The sublease was approved by the landlord, the petitioner herein, and a brokerage commission was paid by the subtenant to the managing agent of the building. The term was for the balance of the term of the main lease which expires on January 31, 1986. After execution, the subtenant expended approximately $30,000 to put the premises in order for its use as a weight reduction center.
Thereafter in May the principals of the tenant decided to discontinue its business and arranged for a common-law settlement with its creditors. An auction of its personal property occurred in June and the company has since been out of business.
The attorney handling the winding up of the business of the tenant testified that in May he requested the landlord to accept a surrender of the premises, which the landlord *181 agreed to provided the space could be delivered free of any subtenancies. The witness was not certain as to whether the tenant would have any further liability if the space could be so delivered, although he stated that it was his impression that there would be none. The tenant then requested the subtenant to vacate, which it declined.
This proceeding was then commenced on June 3 against the tenant and subtenant by reason of nonpayment of the June rent which is in the amount of $10,484.54. The rent owing under the sublease is $878.33 per month. The tenant did not formally appear in the proceeding, but its counsel was present in court and stated that the tenant did not contest the granting of a final judgment of possession.
The subtenant, however, has challenged petitioner’s right to a judgment of possession against it claiming that the arrangements between the petitioner and the tenant constituted a voluntary surrender which deprives the landlord of the right to evict sublessees.
The basic rule is that a sublease is dependent on and limited by the terms and conditions of the main lease from which it is carved. A subtenancy may thus be terminated by the expiration of the term of the lessee or a re-entry by the landlord for a condition broken. (Eten v Luyster, 60 NY 252; Hoffmann Brewing Co. v Wuttge, 234 NY 469; Ashton Holding Co. v Levitt, 191 App Div 91; New York Rys. Corp. v Savoy Assoc., 239 App Div 504; Metropolitan Life Ins. Co. v Hellinger, 246 App Div 7, affd 272 NY 24; World, of Food v New York World’s Fair 1964-1965 Corp., 22 AD2d 278; 1 Rasch, New York Landlord & Tenant — Summary Proceedings [2d ed], §§ 234, 246.)
Equally well settled is that when a sublessor voluntarily surrenders his main lease not pursuant to any provision of such lease and same is accepted by the landlord, the subtenant becomes the immediate tenant of the original lessor and the interest and terms of the subtenant continue as if no surrender had been made. (Rhinelander Real Estate Co. v Cammeyer, 117 Misc 67 [App Term, 1st Dept]; Eten v Luyster, 60 NY 252, supra; Kottler v New York Bargain House, 242 NY 28; Ashton Holding Co. v Levitt, supra; Oshinsky v Greenberg, 39 Misc 342 [App Term]; *182 Harwyn Dress Corp. v International Dress Co., 147 NYS2d 254.)
The effect of a voluntary surrender is equivalent to a transfer of the reversion, the interests of the landlord and tenant merge, and what remains is the landlord’s fee subject to the subtenancy. Such subtenancy remains because the landlord and tenant may not affect the rights of third parties who are not parties to their separate surrender agreement. (Ashton Holding Co. v Levitt, supra; Eten v Luyster, supra.)
A surrender may be by express written agreement, or may be implied from the conduct of the parties. Here a proposed written surrender agreement was prepared by the landlord but never executed. It was the expressed intention of the landlord to accept such surrender if, and only if, the tenant could deliver the space free of any subtenancies. The nonoccurrence of such contingency, where performance was expressly conditioned upon its taking place, sufficiently negates any inference that the landlord and sublessor came to any agreement to surrender the premises. The mere quitting of the premises by the lessee does not effect a valid surrender. (Kottler v New York Bargain House, supra; Mt. Read Terms. v Great Lakes Express Co., 92 Misc 2d 578, 581.)
Here the landlord did not re-enter or relet to another and expressed no manifestation of an intent to accept the tenant’s surrender of possession as a surrender of the lease. (See Mt. Read Terms. v Great Lakes Express, supra, at p 581; Ann., 78 ALR2d 933; 2 Rasch, New York Landlord & Tenant — Summary Proceedings [2d ed], §§ 859-889.) What this landlord did was to institute this nonpayment proceeding against the tenant on June 3 for rent due June 1. Such a rush to protect its interests through the courts bespeaks anything but an intent to accept tenant’s tender of surrender.
This court is therefore constrained to find that since there was no accepted surrender of the lease, either expressly or by operation of law, that the subtenant’s interest was terminated by breach of the tenant-sublessor’s covenant to pay rent.
*183 Upon default of his sublessor the subtenant may perform the breached covenant, but it has been held that the landlord is not required to accept such performance by a subtenant with whom he is not in privity. (214 West 39th St. Corp. v Miss France Coats, 274 App Div 597; 305 Broadway Co. v Stanpud Operating Corp., 48 Misc 2d 95; 1 Rasch, New York Landlord & Tenant — Summary Proceedings [2d ed], § 235; but see Cohen v 515 Broadway Realty Corp., 150 Misc 288 [App Term, 1st Dept].)
The tenant having defaulted in payment of the rent for June and July, 1983 in the total amount of $22,078.56 and not having objected to issuance of a judgment of possession (there being no personal service on and no appearance by the tenant that could result in a money judgment), the court awards judgment of possession to petitioner against both the tenant and subtenant, with a stay of the issuance of the warrant as against the subtenant until August 31, 1983. The warrant as against the tenant may issue forthwith.