■ DA COSTA'S AUTOMOTIVE, INC., Respondent, v BIRCHWOOD PLAZA SHELL, INC., et al., Defendants, and SHELL OIL COMPANY, Appellant. — In an action, *inter alia,* for injunctive relief, defendant Shell Oil Company (Shell) appeals from an order of

the Supreme Court, Nassau County (Berman, J.), entered April 17, 1984, as amended May 17, 1984, which granted plaintiff's motion for a preliminary injunction and denied Shell's cross motion "to dismiss or for summary judgment".

Order, as amended, affirmed, with costs.

Special Term acted properly in granting the plaintiff's motion for a preliminary injunction and denying Shell's cross motion "to dismiss or for summary judgment". The facts in this case, at the very least, present a question of fact as to whether the plaintiff is in possession of the premises pursuant to a valid sublease agreement. Although the purported sublease agreement does contain language indicating that the parties anticipated the execution of a more formal sublease some time in the future, the agreement does contain all of the essential terms of a sublease (21 NY Jur 2d, Contracts, § 32, p 448). In addition, it is significant to note that for a period of more than five months after entering into the aforesaid agreement, the plaintiff, as subtenant, and the defendant Henn, as sublessor, conducted themselves as though the agreement was, in fact, a valid sublease (*New York Produce Exch. Safe Deposit & Stor. Co. v New York Produce Exch.*, 208 App Div 421, affd 238 NY 582; Rasch, NY Landlord & Tenant [2d ed], § 47, p 63; 33 NY Jur, Landlord & Tenant, § 24, p 309). In view thereof, we cannot conclude, as a matter of law, that the agreement between the plaintiff and Henn was not a valid sublease. In addition, it is clear that questions of fact exist with respect to whether Shell, as the prime landlord, impliedly consented to the subleasing arrangement between the plaintiff and Henn and whether Henn exercised good faith in obtaining Shell's consent thereto.

Next, assuming that a valid sublease exists between Henn and the plaintiff, it is well established that Henn's voluntary surrender of his paramount lease with Shell, which surrender was not made pursuant to any provision of the paramount lease, did not terminate the plaintiff's sublease (Rasch, NY Landlord & Tenant [2d ed], § 247, pp 315-316; 34 NY Jur, Landlord and Tenant, § 261, pp 67-68). Since it was not a party to the surrender agreement, the plaintiff's interest and term as a subtenant of the lessee continued as if no surrender had been made and Shell, as owner of the premises, upon surrender of the lease, became the plaintiff's immediate landlord (*Eten v Luyster*, 60 NY 252; *Rhinelander Real Estate Co. v Cammeyer*, 117 Misc 67, affd 216 App Div 299; *Ashton Holding Co. v Levitt*, 191 App Div 91). Thus, assuming the plaintiff is in possession of the premises pursuant to a valid sublease agreement, Shell would not be entitled to evict the plaintiff from the demised premises by reason of Henn's voluntary surrender of the paramount lease.

Parenthetically, we conclude that the plaintiff does not have standing to raise the issue of whether the mutual termination agreement between Henn and Shell, which terminated the paramount lease and dealer agreement between those parties, was in compliance with the terms of the Petroleum Marketing Practices Act (US Code, tit 15, § 2801 *et seq*.). Since the plaintiff is not and has never been a franchisee, distributor or retailer of *motor fuel* but is only engaged in the business of automotive repairs, it is clear that the plaintiff is not protected by those provisions (see *Checkrite Petroleum v Amoco Oil Co.,* 678 F2d 5, cert den 459 US 833; *Rogue Val. Stas. v Birk Oil Co.,* 568 F Supp 337; *Johnson v Mobil Oil Corp.,* 553 F Supp 195). In any event, it appears from the record herein that the mutual termination agreement does comply with the terms of section 2802 (subd [b], par [2], cl [D]) of title 15 of the United States Code.

In view of the policy favoring the maintenance of the *status quo* pending the outcome of a landlord-tenant proceeding (cf. *First Nat. Stores v Yellowstone Shopping Center,* 21 NY2d 630), a preliminary injunction enjoining plaintiff's eviction from the subject premises was proper and did not constitute an abuse of discretion. Titone, J. P., Weinstein, Rubin and Boyers, JJ., concur.