■ OCEAN GRILLE, INC., Respondent, v WILLIAM R. PELL III, Appellant. [641 NYS2d 373] —In an action to recover damages, *inter alia,* for wrongful eviction, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered February 24, 1995, as (a) granted the branches of the plaintiff's motion which were for summary judgment on the first and fourth causes of action on the issue of liability, and (b) denied his cross motion for leave to amend the answer to assert a Statute of Limitations defense and for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by (1) deleting the provisions thereof which granted the branches of the plaintiff's motion which were for summary judgment on its first and fourth causes of action on the issue of liability and substituting therefor provisions denying those branches of the motion, and (2) deleting the provision thereof which denied the branch of the defendant's cross motion which was for leave to file an amended answer and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant; and it is further,

Ordered that the defendant's time to serve the amended answer is extended until 20 days after service upon him of a copy of this decision and order with notice of entry.

The defendant William R. Pell III owned a marina that he leased in February 1991 to Michael Porpora (not a party to this action) for a term of three years. Despite a prohibition in the lease against subletting without the owner's written consent, Porpora sublet the restaurant portion of the premises to the plaintiff Ocean Grille, Inc. (hereinafter Ocean Grille). It

is uncontested that Pell never gave his written consent to the sublease. In January 1992 Pell commenced a summary proceeding in the Justice Court of the Town of Southampton against Porpora seeking unpaid rent and repossession of the leased premises. At around the same time, Porpora commenced a summary eviction proceeding in the Justice Court of the Town of Southampton against Ocean Grille for unpaid rent and repossession of the sublet premises. Ocean Grille was not a party to Pell's proceeding in the Justice Court, although the two proceedings were consolidated for purposes of trial. While these proceedings were pending, Pell had the locks to the leased premises changed. By order dated April 27, 1992, the Justice Court, *inter alia,* granted possession of the premises to Pell, finding that the paramount lease between Pell and Porpora had been voluntarily terminated by agreement of the parties. In May 1992 Ocean Grille made a demand upon Pell for the keys to the leased premises. The demand was denied. Accordingly, in April 1993 Ocean Grille commenced the instant action against Pell for wrongful eviction. Ocean Grille sought, *inter alia,* treble damages pursuant to RPAPL 853. After issue was joined, Ocean Grille moved for summary judgment on the issue of liability. Pell cross-moved to amend his answer to assert a Statute of Limitations defense. Pell argued that the one-year Statute of Limitations for wrongful eviction commenced in January 1992, when he changed the locks. The Supreme Court granted Ocean Grille's motion for summary judgment as to liability, finding that Ocean Grille's sublease was valid as against Pell and that Pell had wrongfully evicted Ocean Grille. The court denied Pell's cross motion to amend his answer, finding that the eviction of Ocean Grille did not occur until May 1992, when Ocean Grille's demand for the keys was denied. Thus, Ocean Grille's action was timely. We now modify the order.

In the proceedings before the Justice Court, the position taken by Pell, and adopted by the court in its order, was that the paramount lease between Pell and Porpora had been voluntarily terminated. Indeed, in his answer in the instant action, Pell admitted this fact. Accordingly, there is no merit to Pell's assertion on appeal that the paramount lease was terminated by the order of the Justice Court and he is estopped from asserting this argument in the action at bar (*see, Kimco of N. Y. v Devon,* 163 AD2d 573).

The voluntary termination of the paramount lease between Pell and Porpora has significant consequences as to the sublease between Porpora and Ocean Grille. Where, as here, a

subtenant is not made a party to a termination agreement concerning a paramount lease and the termination is not accomplished pursuant to a provision in the paramount lease, the agreement does not terminate the sublease (*see,* 1 Rasch, New York Landlord and Tenant—Summary Proceedings § 9:73, at 396; § 9:74, at 398 [3d ed]; *Da Costa's Automotive v Birchwood Plaza Shell,* 106 AD2d 484). Rather, the subtenant becomes the immediate tenant of the original lessor and the interest of the subtenant and terms of the sublease continue as if no termination had occurred (*see,* 1 Rasch, New York Landlord and Tenant—Summary Proceedings § 9:73, at 398 [3d ed]; *Eten v Luyster,* 60 NY 252, 259). Under such circumstances, a landlord must commence further proceedings against a subtenant to effect the subtenant's removal, unless the subtenant has already vacated the premises (*see,* 1 Rasch, New York Landlord and Tenant—Summary Proceedings §§ 9:67-9:69, at 388 [3d ed]). Here, no such proceedings were commenced and Ocean Grille did not vacate the premises. Rather, Pell argues, Ocean Grille's sublease was terminated by the April 27, 1992, order of the Justice Court. However, Ocean Grille was not a party to Pell's proceeding before the Justice Court and Pell sought no relief as against Ocean Grille. Alternatively, Pell argues, the sublease was void because it violated the provision of the paramount lease which required his written consent to a sublease. However, the provision at issue merely rendered the sublease voidable, not void (*see,* 1 Rasch, New York Landlord and Tenant—Summary Proceedings §§ 9:101-9:102, at 441 [3d ed]). Thus, Ocean Grille possessed a valid sublease as against Pell during all relevant periods. However, this does not end the inquiry.

The date that Ocean Grille was evicted cannot be determined on the record before this Court as a matter of law. Pell argues that Ocean Grille was evicted in January 1992 when he changed the locks. However, Pell permitted Ocean Grille's personnel to enter onto the premises after the locks had been changed, although the nature of the access appears to have been limited and supervised (*see, Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77; 2 Rasch, New York Landlord and Tenant—Summary Proceedings § 28:1, at 334 [3d ed]). Further, due to the fact that the business of Ocean Grille was seasonal, its need and desire for access during certain relevant periods is unclear. Ocean Grille argues that the eviction did not occur until May 1992, when Pell denied its demand for keys to the premises. However, an associate of Ocean Grille stated in a deposition that he was aware that the locks to the premises had been changed in February or March 1992 and, as

a consequence, had not sought renewal of the restaurant's liquor license because "it wasn't our restaurant anymore". Thus, a question of fact exists as to when the eviction occurred which must be resolved before it may be determined whether Ocean Grille's claim pursuant to RPAPL 853 is time-barred (*see, Barash v Pennsylvania Term. Real Estate Corp., supra;* 2 Rasch, New York Landlord and Tenant—Summary Proceedings § 28:1, at 334 [3d ed]). As neither prejudice nor surprise is present, Pell should have been granted leave to amend his answer to assert a Statute of Limitations defense (*see,* CPLR 3025 [b]; *McCaskey, Davis & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755). Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.