■ DUANE READE, Respondent-Appellant, v I.G. SECOND GENERATION PARTNERS, L. P., et al., Appellants-Respondents, and APPLE BANK FOR SAVINGS, Respondent. [721 NYS2d 42] —Order and judgment (one paper), Supreme Court, New York County (Edward Lehner, J.), entered August 17, 2000, which granted plaintiff's motion for summary judgment as to its first cause of action and declared that it is entitled to possession of certain premises due to a sublease, denied the cross-motions of the landlord defendants and defendant Walgreen for summary judgment in their favor, and dismissed plaintiff's second and third causes of action seeking monetary damages for breach of contract and tortious interference with contract, unanimously modified, on the law, plaintiff's motion for summary judgment denied, cross-motions of landlord defendants and defendant Walgreen for summary judgment granted and declared that plaintiff is not entitled to possession of certain premises due to a sublease, and otherwise affirmed, without costs.

Defendant Apple Bank for Savings formerly operated a branch bank in retail space in the building at 14th Street and Fourth Avenue in Manhattan owned or managed by I.G.

Second Generation Partners, L.P., I Bldg. Co., Inc., Lloyd Gold-man and Wembly Management Co. (landlord defendants). The lease between Apple and the landlord was to terminate in September 2004. Apple relocated the branch bank in October 1999 and, two months later, entered into a sublease with Duane Reade. That sublease, in relevant parts, contemplated Duane Reade's operation of a 24-hour retail drug store, provided that the sublease would not commence until the landlord gave its written consent, obligated Apple to request consent and provided that if the landlord "for any reason" did not give consent the sublease would be cancelled upon written notice. Apple requested the landlord's consent and in December 1999 the request was denied upon the basis that the contemplated use would expand the transaction of business on the premises from business days, 8 A.M. to 9 P.M., to 24 hours, 7 days per week. Within a few days of the landlord's denial, Apple commenced a Supreme Court action seeking a declaration that the landlord's withholding of consent was unreasonable. Apple informed Duane Reade of that action but Duane Reade did not intervene. At the end of January 2000, Apple and the landlord settled that action on the basis that Apple would surrender the premises in exchange for a monetary payment. Shortly after that settlement, defendant Walgreen entered into a long term lease with the landlord and took possession in early February 2000. Apple gave written notice of the landlord's denial of consent and termination of the sublease. Duane Reade thereupon commenced the present action seeking a declaration that the sublease remains in effect and that it is entitled to possession since the landlord assumed Apple's obligations as a result of the January settlement. Duane Reade's action also sought monetary damages against Apple for breach of contract and against the landlord defendants for tortious interference with the sublease by inducing Apple to surrender its lease in the January settlement.

The IAS Court incorrectly granted Duane Reade summary judgment on its cause of action for declaratory relief. While beginning its analysis with the undisputed principle that a sublessor's voluntary surrender of the main lease does not impair the sublessee's rights but transforms the sublessee into the landlord's immediate tenant (*Eten v Luyster*, 60 NY 252, 259; *Ocean Grille v Pell*, 226 AD2d 603, 604-605), the motion court inaptly found Duane Reade a sublessee of Apple. Duane Reade never became a sublessee but remained merely a potential sublessee whose interest in the premises was expressly conditioned upon consent by the landlord. When a lease provides for a term to commence upon the happening of a

future event, "[i]f the event does not occur no tenancy is created." (1 Friedman, Leases § 4.1, at 81 [4th ed].) The explicit and unambiguous terms of the agreement between Duane Reade and Apple recognized that the landlord's consent was a condition precedent to creation of sublessee rights in Duane Reade and such consent could be either granted or denied for any reason. As a putative lessee, Duane Reade possessed an "*interesse termini*," which is not an estate in real property (*Mitchell v Reed*, 61 NY 123, 134). As such, when the landlord and Apple negotiated the surrender of the lease, there was no relation created by such surrender between the landlord and Duane Reade. The landlord did not assume Apple's obligations, if any, to Duane Reade as a result of the transfer of Apple's leasehold since Duane Reade was not a sublessee at any time. Apple fully discharged the duty it had when it requested consent; it was not obligated to either litigate the landlord's denial or to settle such litigation on terms favorable to Duane Reade. Pursuant to the agreement, Apple properly cancelled by giving notice to Duane Reade of the landlord's denial of consent. Since Duane Reade never became a sublessee, its motion for summary judgment entitling it to immediate possession should have been denied and the cross-motion of the landlord defendants and Walgreen should have been granted. We have reviewed plaintiff's other arguments in support of its claim to possession and find them to be without merit.

The IAS Court's dismissal of the second and third causes of action must be affirmed. Duane Reade's breach of contract claim against Apple is based on the surrender of its lease as part of the January 2000 settlement. That surrender allegedly breached the covenant of good faith and fair dealing implied in the sublease agreement. The commencement of the sublease was, however, explicitly conditioned upon the landlord's willingness to consent which could be withheld by the landlord for any reason. Apple's only obligation was to request consent, which was done. Apple additionally commenced litigation, of which Duane Reade was apprised and into which it declined to intervene. Apple was not then further obligated to settle such litigation on terms favorable to Duane Reade. There is simply no basis upon which to impose liability upon Apple for breach of contract. By the same token, Duane Reade's cause of action for tortious interference against the landlord must also be dismissed. Concur—Rosenberger, J. P., Andrias, Wallach, Lerner and Buckley, JJ.