■ GOLDCREST TRANSPORT, LTD., Appellant, v ACROSS AMERICA LEASING CORP., Respondent. [748 NYS2d 411] —In an action to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Winslow, J.), dated August 27, 1999, which granted the defendant's cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered February 2, 2001, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the complaint is reinstated, the cross motion is denied, and the order dated August 27, 1999, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are

brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In June 1992 the plaintiff, Goldcrest Transport, Ltd. (hereinafter Goldcrest), entered into an agreement to sublease a portion of a commercial building from the defendant, Across America Leasing Corp. (hereinafter Across America), for a period of 10 years. Approximately three years later, in July 1995, Across America abandoned the premises, and ceased paying rent to the landlord, Hicksville Associates. Shortly thereafter, the landlord notified Goldcrest that Across America was in default under the paramount lease, and that it intended to evict Goldcrest. To avoid eviction, Goldcrest offered to lease the entire premises upon the condition that it be permitted to sublet the portion it did not use for its business. When the landlord indicated that this proposal was acceptable, it was further agreed that the landlord would accept direct rent payments from Goldcrest without prejudice to its rights to evict Goldcrest if negotiations for a new paramount lease were unsuccessful. However, on or about September 1, 1995, the landlord entered into a new paramount lease with a different party, Sovereign Volkswagen, Ltd. (hereinafter Sovereign). Although Goldcrest was able to negotiate a new sublease agreement with Sovereign which allowed it to remain in possession of the commercial space it had previously leased from Across America, it was required to pay a higher base rent, and a higher additional rent for utilities and taxes.

Goldcrest subsequently commenced this action against Across America seeking damages for its breach of the parties' sublease. After some discovery had been conducted, both parties moved for summary judgment. The Supreme Court ultimately awarded summary judgment to Across America, finding that the landlord had accepted Across America's surrender of the premises by operation of law, and that this surrender left Goldcrest's rights as a subtenant unaffected. Thus, the Supreme Court concluded that Goldcrest possessed a valid and binding lease with the landlord, and that it had voluntarily incurred its losses by unnecessarily entering into a new sublease with Sovereign. We disagree.

As a general rule, where a landlord and prime tenant enter into an agreement to voluntarily terminate the paramount lease, the subtenant becomes the immediate tenant of the original lessor, and the interest of the subtenant and terms of the sublease continue as if no termination had occurred (*see Eten v Luyster*, 60 NY 252, 259; *Ocean Grille v Pell*, 226 AD2d 603). "Such subtenancy remains because the landlord and tenant

may not affect the rights of third parties who are not parties to their separate surrender agreement" (*Precision Dynamics Corp. v Retailers Representatives,* 120 Misc 2d 180, 182). However, because a sublease is dependent upon and limited by the terms and conditions of the paramount lease from which it is carved, a subtenancy may be terminated by the expiration of the term of the prime tenant, or a re-entry by the landlord for a condition broken (*see Eten v Luyster, supra; Precision Dynamics Corp. v Retailers Representatives, supra*).

Here, Across America breached the paramount lease agreement by abandoning the premises and ceasing to pay the rent. At this point, the landlord notified Goldcrest that Across America was in breach of the paramount lease, and that it intended to evict Goldcrest. Since the paramount lease was terminated by Across America's abandonment of the premises and breach of the covenant to pay rent, Goldcrest's interest in the premises was also terminated, and it did not become the immediate tenant of the landlord (*see Eten v Luyster, supra; Precision Dynamics Corp. v Retailers Representatives, supra*). Furthermore, Goldcrest's direct payment of rent to the landlord in July 1995 did not affect its status because the paramount lease provided that the landlord's acceptance of rent from a subtenant would not constitute an acceptance of the subtenant as tenant, and the landlord accepted this payment without prejudice to its right to seek eviction if negotiations to lease the entire premises to Goldcrest proved unsuccessful. Under these circumstances, it cannot be concluded that Goldcrest created its own damages by needlessly entering into a less favorable sublease with Sovereign. Accordingly, Across America's cross motion for summary judgment should be denied, and the complaint reinstated. Florio, J.P., Smith, Krausman and Townes, JJ., concur.