■ 767 Third Avenue, LLC, Respondent, v Kadem Capital Management, Inc., Respondent, and Rosenberg & Fein, Appellant. [756 NYS2d 539] —Order, Appellate Term of the Supreme Court, First Department, entered May 2, 2002, which affirmed a judgment of possession of the Civil Court, New York County (Eileen Rakower, J.), entered August 14, 2001, in favor of petitioner landlord and against respondent tenant (Kadem) and respondent-appellant undertenant (Rosenberg & Fein [R&F]), which judgment brought up for review an order of the same court (Shirley Werner Kornreich, J.), entered on or about July 16, 2001, which, inter alia, granted the landlord's cross motion for summary judgment dismissing R&F's affirmative defenses of waiver and estoppel, unanimously affirmed, with costs.

R&F had a lease with the landlord for suite 38B in the subject building; Kadem's lease was for the rest of the 38th floor. Kadem wanted R&F's 38B space, and, toward that end, it entered into an "enforceable agreement in principal [*sic*]" with R&F, under which R&F would surrender its lease to 38B or assign it to Kadem, and Kadem, among other things, would lease suite 31A from the landlord, build it out to R&F's specifications and sublet it to R&F rent free. The landlord was at all relevant times aware of this agreement between its tenants, but was not a party thereto, and the transactions described therein were all expressly conditioned upon its consent. In obvious furtherance of the agreement, the landlord amended its lease with Kadem so as to include 31A, approved Kadem's renovation of 31A, facilitated R&F's move into 31A and provided it with building services thereafter, and collected rent from Kadem attributable to 31A. However, the exchange of space that occurred was never consummated formally. R&F never

surrendered or assigned its lease to 38B, and a sublease for 31A was never executed and presented to the landlord.

The landlord is entitled to possession. As Appellate Term explained, "there never was a sublease to which Landlord could consent, in writing or otherwise," and, there being no approved sublease, the landlord is under no obligation to recognize R&F's occupancy (*see Duane Reade v I.G. Second Generation Partners*, 280 AD2d 410 [2001], *lv denied* 96 NY2d 716 [2001]; *Guardia v 250 W. St. Corp.*, 205 AD2d 306 [1994]). R&F's claims that the landlord waived the prohibition against subletting contained in Kadem's lease, or should be estopped from asserting it, lack the element of contractual privity necessary to such claims (*see 200 Eighth Ave. Rest. Corp. v Daytona Holding Corp.*, 293 AD2d 353 [2002]), and otherwise lack merit. Apart from the nonwaiver clause in the Kadem lease (*see Jefpaul Garage Corp. v Presbyterian Hosp.*, 61 NY2d 442, 446 [1984]), there is no question that R&F was at all times aware that the landlord's written consent was required, and, as Appellate Term found, should have understood that the landlord's facilitation of its move into 31A, and acceptance of rent from Kadem, were no more than accommodations in anticipation of a sublease. There is no evidence that the landlord ever concealed a material fact, including its intention to insist on a written sublease, and its affirmative acts in furtherance of its tenants' agreement to enter into a sublease were not inconsistent with its right under Kadem's lease to review a sublet request when presented with a sublease and, entirely consistent with the tenants' agreement, withhold consent if not satisfied with its terms (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]).

We have considered R&F's other arguments and find them unavailing. Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.