In an action, inter alia, for a judgment declaring that the plaintiff is entitled to remain in possession of certain leased property and to enjoin the defendant from interfering with the plaintiff’s right of possession of such property, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Scheinkman, J.), dated March 9, 2012, which denied its motion for summary judgment on the complaint and granted the defendant’s cross motion, in effect, for summary judgment declaring that the plaintiff is not entitled to remain in posses *787 sion of the subject premises, and for judgment on the defendant’s counterclaim for ejectment, and (2) from a judgment of the same court dated April 12, 2012, which, upon the order, is in favor of the defendant and against the plaintiff, in effect, declaring that the plaintiff was not entitled to remain in possession of the subject premises, and is in favor of the defendant and against the plaintiff on the defendant’s counterclaim for ejectment.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the defendant.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter ofAho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
In 1971, the defendant’s predecessor-in-interest entered into a commercial lease (hereinafter the overlease) with Great Atlantic & Pacific Tea Company (hereinafter A&P). In 1992, A&P entered into a sublease with the plaintiff which provided that “[i]f the Overlease terminates or is terminated for any reason whatsoever, then this Sublease shall terminate simultaneously therewith.”
In 2010, A&P filed for chapter 11 bankruptcy relief in federal Bankruptcy Court. During the course of the bankruptcy proceedings, A&P breached the overlease and stipulated that the defendant was entitled to re-enter and re-possess the premises. The defendant thereafter sent written notice to the plaintiff that its rights under the sublease had been extinguished.
The plaintiff commenced this action, inter alia, for a judgment declaring that it is entitled to remain in possession of the subject premises and to enjoin the defendant from interfering with its right of possession. The defendant counterclaimed for ejectment. The plaintiff moved for summary judgment on the complaint. The defendant cross-moved, in effect, for summary judgment declaring that the plaintiff was not entitled to remain in possession of the subject premises, and for judgment in its favor on its counterclaim for ejectment. In an order dated March 9, 2012, the Supreme Court denied the plaintiffs motion and granted the defendant’s cross motion. Thereafter, a judgment was entered which, upon the order, in effect, declared that the *788 plaintiff was not entitled to remain in possession of the subject premises, and was in favor of the defendant and against the plaintiff on the defendant’s counterclaim for ejectment.
“As a general rule, where a landlord and prime tenant enter into an agreement to voluntarily terminate the paramount lease, the subtenant becomes the immediate tenant of the original lessor, and the interest of the subtenant and terms of the sublease continue as if no termination had occurred” (Goldcrest Transp. v Across Am. Leasing Corp., 298 AD2d 494, 495 [2002]; see Eten v Luyster, 60 NY 252, 259 [1875]; Ocean Grille v Pell, 226 AD2d 603 [1996]; Da Costa’s Automotive v Birchwood Plaza Shell, 106 AD2d 484, 485 [1984]; see also Duane Reade v I.G. Second Generation Partners, 280 AD2d 410, 411 [2001]). “However, because a sublease is dependent upon and limited by the terms and conditions of the paramount lease from which it is carved, a subtenancy may be terminated by the expiration of the term of the prime tenant, or a re-entry by the landlord for a condition broken” (Goldcrest Transp. v Across Am. Leasing Corp., 298 AD2d at 496; see Precision Dynamics Corp. v Retailers Representatives, 120 Misc 2d 180, 182 [1983]; see also 7-84 Warren’s Weed, New York Real Property § 84.03 [4] [2012]).
Here, the defendant established, prima facie, that the plaintiff’s subtenancy had terminated (see Goldcrest Transp. v Across Am. Leasing Corp., 298 AD2d at 495; see also Precision Dynamics Corp. v Retailers Representatives, 120 Misc 2d at 182). In opposition, the plaintiff failed to raise a triable issue of fact as to whether it was entitled to remain in possession of the subject premises (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
The defendant’s remaining contention pertains to matter dehors the record and has not been considered in the determination of this appeal (see Matter of Minkowicz v City of New York, 100 AD3d 1000, 1001 [2012]; Tsikotis v Pioneer Bldg. Corp., 96 AD3d 936 [2012]).
Accordingly, the Supreme Court properly denied the plaintiff’s motion for summary judgment on the complaint and properly granted the defendant’s cross motion, in effect, for summary judgment declaring that the plaintiff was not entitled to remain in possession of the subject premises, and for judgment on its counterclaim for ejectment. Balkin, J.P., Hall, Lott and Miller, JJ., concur.