Cooper v Monterey 96 St. LLC (2024 NY Slip Op 01891)

Cooper v Monterey 96 St. LLC

2024 NY Slip Op 01891

Decided on April 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 09, 2024

Before: Webber, J.P., Moulton, Kennedy, Rodriguez, O'Neill Levy, JJ. 

Index No. 653521/13 Appeal No. 2005 Case No. 2023-02593 

[*1]Mel Cooper, Respondent,
v
Monterey 96 Street LLC et al., Appellants.

Mischell & Horn, P.C., New York (Ross Friscia of counsel), for appellants.
Fischman & Fischman, New York (Lon P. Fischman of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J), entered May 2, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment as to liability on his first cause of action for wrongful eviction, unanimously affirmed, without costs. On or about July 30, 2013, the tenant of record and plaintiff entered into a sublet agreement in which plaintiff was permitted to sublease an apartment in defendant landlord's building for a one-month period from July 30, 2013, to August 28, 2013. Neither party disputes that the tenant of record did not obtain the landlord's approval prior to subletting the apartment to plaintiff. On August 29, 2013, landlord's agent, defendant Velasquez, changed the locks to the apartment and called the police to remove plaintiff.[FN1]
The motion court properly granted plaintiff summary judgment on his first cause of action. Plaintiff demonstrated prima facie that he entered into possession of the apartment with consent of the tenant of record pursuant to the sublease agreement and that on August 29, 2013, he was excluded from the apartment. Because plaintiff established prima facie that he was an occupant of the apartment (Real Property Law § 235-f [1][b]), he could not be removed from possession except in a special proceeding (Real Property Actions and Proceedings Law § 711). There is no dispute that defendants excluded plaintiff without commencing such special proceeding. Thus, plaintiff satisfied his initial burden of demonstrating that he was lawfully present when he was locked out.
In opposition, defendants offered no evidence that the tenant of record withdrew her consent to plaintiff's continued occupancy as of August 29, 2013. Defendants point to a provision of the primary lease that requires the consent of the owner before entering into a subletting agreement; Real Property Law § 226-b also prohibits unauthorized subletting. However, the tenant of record's failure to obtain defendant landlord's consent prior to subletting "merely render[s] the sublease voidable, not void" (Ocean Grille v Pell , 226 AD2d 603, 605 [2d Dept 1996]). If defendants believed that plaintiff was illegally subletting the apartment, defendants' proper course of action was to commence a proceeding against the tenant of record under the lease or pursuant to
Real Property Law § 226-b. Thus, defendants failed to raise a triable issue of fact as to whether they were permitted to directly remove plaintiff.
We have considered defendants' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: April 9, 2024

Footnotes

Footnote 1: This proceeding was paused from January 2014 until April 2020 due to plaintiff's bankruptcy case.